FIELDING KNOTT et als. v. JOHN R. TAYLOR and wife.

*Amendment—Finding of Facts.*

1. The Courts have inherent power to allow amendments to pleadings, independent of *The Code,* which they may allow in their discretion, unless prohibited by some statute, or unless some vested right will be disturbed.
2. Under the provisions of *The Code,* the Courts have the power both before and after judgment, to allow amendments to the pleadings, when they do not substantially change the cause of action or defence.
3. Where the case is left by consent to be tried both as to the facts and the law by the Judge, and he fails to find some material fact, it will be remanded in order that such fact may be found.

CIVIL ACTION, tried before *Clark, Judge,* at January Term, 1886, of GRANVILLE Superior Court.

The defendants appealed.

The facts appear in the opinion.

*Mr. John W. Hays,* for the plaintiffs.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr.,* for the defendants.

DAVIS, J. This action was brought to the Spring Term, 1883, of Granville Superior Court, and complaint and answer were then filed. An amendment to the answer and reply was filed at Fall Term, 1883, and the cause continued

from term to term till November Term, 1885, when the following order was made:

"Ordered in this cause, that the plaintiffs be allowed to amend their complaint so as to set forth therein the matters stated in their reply to the defendants' answer and counter-claim."

To this order, made by Gilmer, Judge, the following exception is entered: "The defendants except to the granting of the foregoing order."

Then appears the following entry:

"1. The defendants, John R. Taylor and wife, Mary, now come and move the Court to strike out allegation one of plaintiffs' reply.

2. To strike out allegation two of plaintiffs' reply.

3. To strike out allegations five, six and seven of plaintiffs' reply.

4. To strike out allegations nine and ten of plaintiffs' reply.

5. To strike out allegations twelve and thirteen of plaintiffs' reply. And the case is continued."

No action appears from the record to have been had on the defendants' motion, and no appeal was taken, or right of appeal reserved, from the order of the Judge granting the amendment to the complaint: and an amended complaint, answer to the same, with a counter-claim and reply, were filed, and the action was tried before Clark, Judge, at the January Term, 1886, who, by agreement of the parties, decided questions of fact as well as law.

The case on appeal does not contain the exceptions to the order made at November Term allowing the amendment to the complaint, but it comes up in the record, and it is insisted that the Court had no power to allow the amendment, because it so changed the complaint, as, in effect, to constitute a new action, based upon a different cause of action from that which the plaintiffs commenced. Considering it

as if the right of appeal had been reserved, we think it was within the discretion of the Court to allow the amendment.

The parties were all before the Court—there was no change of parties—there was no surprise, but ample time to answer, and the defendants were deprived of no defence of which they could have availed themselves, if the complaint, so amended, had been originally filed.

That the Courts have the inherent power, independent of *The Code*, to amend pleadings, which they may exercise at their discretion, unless prohibited by some enactment, or unless some vested right is disturbed, or the rights of parties. are injuriously affected, is well settled. This discretion, when its exercise is required in furtherance of justice, is extended by §273 of *The Code*, not only to amendments *before*, but *after* judgment, and even to the extent of conforming the pleadings or proceeding to the fact proved, when it does not change substantially the claim or defence. The substantial claim of the plaintiffs, as alleged in their original complaint, is to be protected against the enforcement of a judgment upon which a writ of possession had been sued out by the defendants, and there is nothing in the amended complaint in conflict with this substantial claim; nor is there anything in it to deprive the defendants of the substantial defence relied on by them. We think there was no error in allowing the amendment.

But there are facts alleged and denied—material, in our view—which the Court did not pass upon and find.

The plaintiffs offered in evidence a transcript of the record of the case of William Pannill against Anne Walker and others, in the Court of Equity for the District of Hillsboro. The defendants objected to this evidence, first, because it was not attested by the seal of the Court; second, because the transcript was imperfect, in giving only the purport or abstract of orders, &c. The Court, without finding how the

fact was, overruled the objection and admitted the evidence, to which defendants excepted.

The plaintiffs allege that an action of ejectment was commenced in the Superior Court of Law of Granville county, in 1852, by the defendants in this action, against one Joseph H. Gooch, for the recovery of the land in controversy; that said action was removed to the Superior Court of the county of Warren, and was pending in said Court, without final determination when the late war came on, when it was abandoned by the plaintiffs therein, (the defendants in this action,) and disappeared from the docket. They further allege, that at the Fall Term, 1878, of said Court, the cause was re-instated at the instance of the plaintiffs therein, and judgment by default entered against Jos. H. Gooch, the defendant named therein. That the said Gooch was dead when the proceedings were had; that his heirs were not made parties, and that no notice was given to any representative of said Gooch, or of his estate, at or before the time of re-instating said suit, or of the judgment, and that the suit abated.

The defendants deny that the suit was abandoned, or that it abated, and say that it was pending, having been brought forward on the new docket, under *The Code*, but at what time this was done they are ignorant, "not having had an opportunity recently to examine the records of said Court to ascertain," &c.

None of these facts are passed upon and found, and the cause is remanded, with the intent, that by proper inquiry they may be ascertained.

Remanded.