W. REESE SHORE ET AL. v. NORFOLK NATIONAL BANK OF COMMERCE AND STATE PLANTERS BANK AND TRUST COMPANY ET AL.

(Filed 27 February, 1935.)

**Trial H b—**

> Where the parties waive a jury trial and agree that the court should find the facts, and the court fails to find the material facts, the case may be remanded for sufficient and definite findings of fact upon appeal from the judgment rendered therein. C. S., 569.

APPEAL from *Devin, J.,* at Special December Term, 1934, of NASH. Remanded.

This is an action primarily by the beneficiaries under the will of the late A. E. Shore, asking that it be decreed that two certain judgments held by the respective corporate defendants did not constitute liens upon a certain lot of land in the town of Rocky Mount, and do not now constitute liens upon a certain trust fund derived from the sale of said lot. The plaintiffs allege and contend that A. E. Shore was the owner of said lot at the time of his death, and that they are now, by virtue of his will, the owners thereof. The defendants allege and contend that P. C. Shore was the owner of an undivided one-half interest in said lot, and that the judgments held by them against P. C. Shore were liens against said interest, and are now liens against the trust fund derived from the sale thereof. The plaintiffs' claim is based upon the allegation that P. C. Shore took title in his name to various tracts of land which were bought with joint funds of a partnership composed of P. C. Shore and A. E. Shore, and subsequently, when it was the purpose to make a division between the partners of said tracts of land, by reason of a mistake in a certain deed only a one-half interest instead of the whole interest in said lot was conveyed to A. E. Shore, and that while the bare legal title to one-half interest in said lot at the time said judgments were docketed was in P. C. Shore, the equitable title to said one-half interest was in A. E. Shore, where likewise was vested the legal title to the other one-half interest.

The case came on to be heard at term time and, by consent of the parties, trial by jury was waived and agreement entered into that the court might find the facts and render judgment based upon its conclusions of law, as provided by sections 568 and 569 of Consolidated Statutes.

From judgment adverse to them, the corporate defendants appealed to the Supreme Court, assigning error.

---

WAY *v.* R. R.

---

*Spruill & Spruill and S. L. Arrington for defendant Norfolk National Bank of Commerce, appellant.*

*J. P. Bunn and Cooley & Bone for plaintiffs appellees.*

SCHENCK, J.  Section 569 of the Consolidated Statutes provides: "Upon trial of an issue of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law separately."

The decision of the court as it relates to "the facts found" contains only the following: "The court finds the facts to be as testified to by P. C. Shore, the only witness at the trial, both as to his direct and cross-examination, and as shown by the written and record evidence introduced, and the admissions in the pleadings."  We do not think this is a compliance with the requirements of the statute that the court's decision "shall contain a statement of the facts found."  It does nothing more than indicate from what source the facts may be gleaned.

Where a case is left by consent to be tried both as to the facts and the law by the court, and it fails to find the material facts, the case may be remanded in order that such facts may be so found.  *Knott v. Taylor,* 96 N. C., 553; *Trust Co. v. Transit Lines,* 198 N. C., 675.

In the absence of sufficient and definite findings of fact, we are minded to remand the case to the Superior Court to the end that the facts may be sufficiently and definitely found, that we may more accurately and safely pass upon the conclusions of law.  It is accordingly so ordered.

Remanded.