R. PAUL JAMISON v. CITY OF CHARLOTTE, a MUNICIPAL CORPORATION; AND COUNTY OF MECKLENBURG; AND S. Y. McADEN, CHAIRMAN, AND E. K. BROWN, W. CRAIG LAWING, C. J. McEWEN AND S. S. McNINCH, MEMBERS OF THE BOARD OF COMMISSIONERS FOR THE COUNTY OF MECKLENBURG.

(Filed 29 January, 1954.)

**1. Evidence § 2—**

In pleading a private statute or right derived therefrom it is sufficient to refer to the statute by its title or the day of its ratification, and the court shall thereupon take judicial notice of it. G.S. 1-157.

**2. Trial § 55—**

   Where a jury trial is waived under the provisions of G.S. 1-184, the judge must state his findings of fact and his conclusions of law separately. G.S. 1-185.

**3. Same: Appeal and Error § 50—**

   Where the parties waive trial by jury and agree that the judge consider the evidence, find the facts, and render judgment, but the court fails to find material facts necessary for the conclusions of law to be accurately and safely reviewed, the cause must be remanded.

APPEAL by plaintiff from *Whitmire, Special J.,* Extra Civil Term, October 1953, of MECKLENBURG.

Civil action instituted by plaintiff, a resident of, and taxpayer within, the City of Charlotte and County of Mecklenburg, to restrain by permanent injunction the City and County from issuing bonds for the purpose of erecting and equipping public library buildings for the City and County and acquiring such real and personal property as may be useful or necessary for such purposes, and levying and collecting a tax for said bonds in the City for the bonds of the City and a tax in the County, including the City, for the bonds of the County.

The plaintiff and the defendants waived a trial by jury as to any issues of facts which may arise on the pleadings, and agreed that the Judge could consider the evidence, find the facts and render judgment. The action according to the Record was heard solely on the Complaint and the Exhibits attached thereto and made a part thereof, and the Answer. There is no evidence in the Record.

The court below entered the following judgment: "This cause coming on to be heard and being heard by the undersigned Special Judge assigned to hold the October 5, 1953, Special Term of Superior Court of Mecklenburg County; both plaintiff and defendants being represented by counsel, and the pleadings having been introduced in evidence, after argument of counsel the Court finds as a fact that said Library bonds are for a public purpose, having been duly authorized by a vote of the people in accordance with Chapter 1034 of the North Carolina Session Laws of 1949, and is of the opinion and concludes as a matter of law that said bonds are for a public purpose and that said Chapter 1034 of the North Carolina Session Laws of 1949 is constitutional and does not violate the sections of the Constitution cited by the plaintiff in his complaint, or otherwise, and that the bonds to be issued pursuant to the election held thereunder will be valid obligations of the City of Charlotte and Mecklenburg County, respectively:

"WHEREFORE, upon motion of counsel for the defendants, it is hereby ordered, adjudged and decreed that the prayer for injunctive relief of the plaintiff herein be, and the same is hereby denied.

"This cause is dismissed and the plaintiff taxed with the costs."

The appellees' statement of facts is as follows:

"In addition to the facts set out in the plaintiff appellant's brief, it is proper to consider certain other facts which were before the court at the trial of this cause for a proper determination of the questions involved. The proposed bond election was not for the purpose of establishing any new system of libraries for Charlotte and Mecklenburg County. There was already in existence at the time the election was held a joint City and County system. This system consisted of the main library in the City of Charlotte and also the following branches, one located in each of the following towns: Matthews, Pineville, Huntersville, Cornelius and Davidson. Also there are two branches operated exclusively for Negroes, one on Brevard Street in the City of Charlotte and another in the community known as Fairview Homes. In addition to these branches the library operates two large bookmobiles on regular bi-weekly schedules with designated stops both within and outside the City of Charlotte. All books and other material dispensed by this library system are completely interchangeable among all of the above branches. No distinction is made between materials available for the Negro branches and that obtainable from the White branches. Any resident of Mecklenburg County is at liberty to obtain the services of the library system regardless of his place of residence. Citizens living outside the City of Charlotte regularly come to the main library in the city and have the same privilege there as do residents of the city. This library system is a corporation, duly chartered by the Legislature in 1903; because of an endowment from Andrew Carnegie it became early known as the Charlotte Carnegie Public Library. By Act of the Legislature (Chapter 253, Session Laws of 1945, Subsection K) this library is now 'Public Library of Charlotte and Mecklenburg County' and is governed by a board of eight trustees, two of whom are appointed by the Mayor of the City of Charlotte, two are appointed by the Chairman of the Board of County Commissioners of Mecklenburg County, and the other four consist of the Mayor of the City of Charlotte, the Superintendent of the Public School system of the City of Charlotte, Superintendent of the Public School system of Mecklenburg County, and the Chairman of the Board of County Commissioners of Mecklenburg County. (Chapter 366, Section 56, Public-Local and Private Laws of 1939, cited in defendant appellees' answer, R. p. 32.)

"This library system is supported by county-wide taxation, also by special appropriations made by the City Council of the City of Charlotte and by a percentage of the net profits from the operation of the Alcoholic Beverage Control Stores in Mecklenburg County, as provided in the Alcoholic Beverage Control Act. The proposed bond issue is for the purpose of extending and enlarging this library system."

These facts are neither alleged in the pleadings, nor according to the Record introduced in evidence, nor did the lower court make any findings of fact in respect thereto, except that in Paragraph 12 of the Answer of the appellees there appears this language: "That the erection and equipment of public libraries are proper city and county purposes, and so recognized and approved by the Legislature of North Carolina in statutes duly enacted, among others the Charter of the City of Charlotte, Chapter 366, Public-Local Laws of 1939, as amended by Chapter 789, Laws of 1945, and up to and including the Session of 1953, and Chapters 352 G.S. 160-200, Sec. 5, and 1270, 1949 Session Laws, G.S. 153-77, Sec. (M), and other Acts and Laws of said State"; and except that the Complaint refers to Ch. 1034 of the Session Laws of North Carolina 1949.

An examination of the statutes referred to in the pleadings show that they do not set forth most (in fact not nearly all) of the facts stated in the appellees' statement of facts in their brief.

The election was held 13 December 1952.

The plaintiff excepted to the judgment, and appealed to the Supreme Court.

*Covington & Lobdell for plaintiff, appellant.*

*John D. Shaw for appellee City of Charlotte.*

*Whitlock, Dockery, Ruff & Perry for appellees County of Mecklenburg and Commissioners of County of Mecklenburg.*

*H. E. McDougle for Public Library of Charlotte and Mecklenburg County, Amicus Curiae.*

PARKER, J. "In pleading a private statute or right derived therefrom it is sufficient to refer to the statute by its title or the day of its ratification, and the court shall thereupon take judicial notice of it." G.S. 1-157.

When a jury trial is waived under the provisions of G.S. 1-184, G.S. 1-185 requires that the court's decision "shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law separately." The judge must state his findings of fact and his conclusions of law separately. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639; *Bradham v. Robinson,* 236 N.C. 589, 73 S.E. 2d 555.

The sole finding of fact made by the court below is "the court finds as a fact that said Library Bonds are for a public purpose, having been duly authorized by a vote of the people in accordance with Chapter 1034 of the North Carolina Session Laws of 1949."

If the facts are as stated in the appellees' brief, and if so found by the trial court, we deem them material, so that we may *more accurately and safely* pass upon the court's conclusions of law.

We are of the opinion that the court below has not sufficiently complied with the requirement of G.S. 1-185 in that the court's decision does not contain a statement of the facts found, and that the case should be remanded in order that sufficient facts may be found as required by the statute. *Shore v. Bank,* 207 N.C. 798, 178 S.E. 572; *Trust Co. v. Transit Lines,* 198 N.C. 675, 153 S.E. 158; *Knott v. Taylor,* 96 N.C. 553, 2 S.E. 680.

The parties shall be permitted to amend their pleadings, if they so desire.

It is ordered that the case be

Remanded.