SYLVIA HARRIS MOREHEAD, JOHN WESLEY HARRIS, WAYMAN
    HARRIS, AND WILEY HARRIS, JR., PLAINTIFFS, v. DAISY HARRIS,
    MARY LOUISE PRICE, NOW MARY LOUISE PRICE BOQUIST, AND
    HER HUSBAND, RICHARD E. BOQUIST, AND HELEN MOORE PRICE,
    NOW HELEN MOORE PRICE HOOPER, AND HER HUSBAND, PHILLIP
    M. HOOPER, DEFENDANTS, AND CORA JANE LEA (CORA E. LEA) AND
    LETTIE ORA WALKER (ORA LEA WALKER), ADDITIONAL DEFEND-
    ANTS.

(Filed 16 June, 1961.)

1. Trial § 57—

    In a trial by the court under agreement of the parties, the court is
    required to find the facts on all issues of fact joined on the pleading,
    to declare separately the conclusions of law arising upon the facts found,
    and to enter judgment accordingly. G.S. 1-185.

2. Appeal and Error § 55—

    Where the findings of fact are incomplete and insufficient to sup-
    port the conclusions of law and judgment, and there is conflict between
    the findings and the stipulations, particularly with reference to whether
    some of the parties had been properly served and were before the court,
    the cause will be remanded to the end that the facts may be sufficiently
    and definitely found so that the appellate court may more accurately
    and safely pass upon the conclusions of law and the judgment.

3. Appeal and Error § 37—

    Upon a proper showing of diligence by counsel and circumstances
    mitigating the failure of appellants represented by him to authorize
    and direct him to prosecute the appeal in time, such counsel may be
    permitted to adopt in behalf of his clients the brief duly filed by other
    appellants.

APPEAL by defendants and additional defendants from Olive, J., 9
January 1961 Regular Civil Term of GUILFORD, Greensboro Division.

Civil action instituted on 11 June 1956 against the original defend-
ants to have the fee simple title and right of possession to real property
declared to be in plaintiffs, subject to any right of dower to which the
defendant Daisy Harris may be entitled.

Hoyle and Hoyle, attorneys at law, filed an answer for the defend-
ants, Boquist and Hooper. An answer was filed by L. Herbin, Jr., an
attorney at law, as guardian ad litem for the defendant, Daisy Harris.

Daisy Harris died testate on 6 February 1960, and it seems devised
a house and lot on Retreat Street, in Greensboro, to her two sisters,
Cora Jane Lea (Cora E. Lea) and Lettie Ora Walker (Ora Lea Walk-
er), old Negro females, one, Cora Jane Lea, residing in North Carolina
about five miles north of Haw River, and the other, Lettie Ora Walk-
er, in the State of New York. The will is not in the record.

This stipulation appears in the record: "It was stipulated between

the parties hereto that Cora E. Lea and Ora Lea Walker were duly made parties defendant to this action and adopted answer heretofore filed by L. Herbin, Jr., guardian *ad litem* for Daisy Harris, and were represented in court and at this hearing by their counsel, L. Herbin, Jr." This stipulation appears in the record: "The record on appeal to the Supreme Court shall consist of the plaintiffs' amended complaint; an order allowing plaintiffs to amend further; the answer of the defendants Boquist and Hooper; the answer of L. Herbin, Jr., guardian *ad litem* for Daisy Harris, defendant (which answer was adopted by stipulation with plaintiffs' counsel by additional defendants, Cora E. Lea and Ora Lea Walker); plaintiffs' evidence with exhibits; defendants' evidence with exhibits . . . ." This stipulation also appears in the record: "IT IS FURTHER STIPULATED AND AGREED that summons was duly and properly issued herein, and that, together with a copy of summons and a copy of complaint as amended, it was duly served on the defendants and each of them, and that at the time of the trial all parties, including the additional defendants Lea and Walker, were properly before the Court."

The only summons in the record before us is a summons issued on 11 June 1956, which directs the sheriff of Guilford County to serve it with a copy of the complaint on Mary Louise Price and Helen Moore Price, and this summons does not show service by the sheriff.

There is a stipulation in the judgment that the parties were represented by counsel, and that they, pursuant to G.S. 1-184—1-185, waived trial by jury, and agreed that Judge Olive might find the facts, make conclusions of law, and render judgment thereon.

### SUMMARY OF FINDINGS OF FACT.

Plaintiffs are the only surviving children and heirs at law of Wiley Harris, deceased, who died intestate on 3 May 1933. The ages of plaintiffs are: Sylvia Harris Morehead, 56 years, John Wesley Harris, 68 years, Wayman Harris, 67 years, and Wiley Harris, Jr., 66 years. The defendant Daisy Harris was his surviving widow, and on 31 May 1933 was appointed and duly qualified as administratrix of her deceased husband's estate.

On 14 November 1927 Wiley Harris and wife, Daisy Harris, executed a deed of trust to Thomas C. Hoyle, Trustee, properly recorded, on the lands hereinafter described to secure an indebtedness of $200.00 evidenced by their note. Then follows a description by metes and bounds of two tracts of land, designated as Tract No. 1 and Tract No. 2, in Morehead Township, Guilford County. (The following does not appear in the findings of fact: Plaintiffs' Exhibit 2, which is also defendants' Exhibit 1, is a photostatic copy of this deed of trust, and

shows that in its granting clause the grantors in the granting clause conveyed to Hoyle, Trustee, only a five-sixth undivided interest in Tract No. 1, it being all the land owned by Hannah Harris at the time of her death).

Wiley Harris was the owner in fee simple of the two tracts of land.

On 26 August 1933 Thomas C. Hoyle, Trustee, foreclosed this deed of trust by selling the two tracts of land at public auction to satisfy the indebtedness secured by the deed of trust, when and where Daisy Harris became the last and highest bidder for the two tracts of land at the price of $217.00.

On 9 September 1933 Thomas C. Hoyle, Trustee, made and executed a deed to Daisy Harris, properly recorded, conveying the two tracts of land to her in her individual capacity. This deed recites that Tract No. 1 was first offered for sale and did not bring a sufficient amount to pay off the debt and costs, and then Tract No. 2 was then offered for sale, and Daisy Harris became the last and highest bidder for both tracts in the sum of $217.00. (This was done to conform to the provisions of the deed of trust). The descriptions of the two tracts of land in Hoyle's deed as trustee are identical with the descriptions of the two tracts of land in the deed of trust above mentioned dated 14 November 1927. (This does not appear in the findings of fact: Plaintiffs' Exhibit 3, which is defendants' Exhibit 2, is a photostatic copy of the deed of Hoyle, Trustee, to Daisy Harris, and shows in its granting clause that Hoyle, Trustee, conveyed to Daisy Harris only a five-sixth undivided interest in Tract No. 1). Plaintiffs offered the deed of Hoyle, Trustee, to Daisy Harris for the purpose of attack.

On 31 May 1933 Daisy Harris filed in the office of the clerk of the superior court of Guilford County in re the administration of the estate of her deceased husband a sworn statement in which she valued his real estate at $1,000.00.

On 12 June 1934 Daisy Harris, as administratrix of her deceased husband, filed in the office of the aforesaid clerk a final report showing that in May 1933 she disbursed "to T. C. Hoyle, Sr., Trustee, in foreclosure of Wiley Harris property One Hundred Seventeen and 07/100 Dollars ($117.07)."

On 1 June 1946 Daisy Harris made and executed a deed to Grace Construction Company, properly recorded, purporting to convey to Grace Construction Company a part of Tract No. 1, described in the deed of Hoyle, Trustee, to her, and then follows a description by metes and bounds of the part of the tract conveyed. This deed was offered in evidence by plaintiffs for the purpose of attack.

On 5 May 1947 Grace Construction Company made and executed a deed to Mary Louise Price and Helen Moore Price, properly re-

corded, purporting to convey to them the tract of land conveyed to it by Daisy Harris. Plaintiffs offered this deed for the purpose of attack.

No allotment of dower was made to Daisy Harris.

Daisy Harris died testate on 6 February 1960, devising a house and lot located on Retreat Street in Greensboro to her sisters, Cora Jane Lea and Lettie Ora Walker, who were duly made parties defendant to this action.

Daisy Harris was in peaceful possession of the property in controversy from her husband's death in May 1933 until her death on 6 February 1960.

"The evidence of the defendants is insufficient as a matter of fact and as a matter of law to establish adverse possession under the provisions of G.S. 1-38 and G.S. 1-40." (Quote from the findings of fact).

### CONCLUSIONS OF LAW SUMMARIZED.

1. Daisy Harris under the deed of Hoyle, Trustee, to her, acquired the two tracts of land for the benefit of herself as widow and the heirs at law of her deceased husband, plaintiffs herein. Her dower interest terminated at her death.

2. Her possession was not adverse to the heirs at law of her deceased husband, but was in privity with them.

3. Defendants Mary Louise Price Boquist and Helen Moore Price Hooper, under the instruments through which they claim title, did not acquire any more than the dower interest of Daisy Harris, which terminated at Daisy Harris' death.

4. Defendants, nor any of them, have acquired title to said lands, or any part thereof, by adverse possession.

5. Plaintiffs are the owners in fee simple of the lands and every part thereof, and are entitled to the immediate possession thereof.

Whereupon, the court entered judgment that plaintiffs are the owners in fee simple and entitled to the immediate possession of the two tracts of land described in the deed of Hoyle, Trustee, to Daisy Harris, including the part of Tract No. 1 conveyed by her to Grace Construction Company, and by it to Mary Louise Price and Helen Moore Price, and that defendants do not own any interest whatever in the lands.

From the judgment defendants Boquist and Hooper and the additional defendants appealed.

*H. L. Koontz and Shuping & Shuping for plaintiffs, appellees.*

*Hoyle, Boone, Dees & Johnson for defendants Boquist and Hooper, appellants.*

*L. Herbin, Jr., for additional defendants Lea and Walker, appellants.*

PARKER, J. Plaintiffs state in their brief: "Attention is called to the fact that as to that portion of the land of Wiley Harris in which is located the tract claimed by the defendants Boquist and Hooper, the deed of trust to Thos. C. Hoyle, Trustee, (Plaintiffs' Exhibit 2, Defendants' Exhibit 1) and the instrument executed by said Thos. C. Hoyle, Trustee, (Plaintiffs' Exhibit 3, Defendants' Exhibit 2) purport to convey only a five-sixths undivided interest in said land and do not purport to convey the entire interest in said portion of the land in controversy. Such being the case, if the defendants' contentions as to the record title should be accepted, which plaintiffs specifically deny, defendants Boquist and Hooper could not have acquired any more than a five-sixths undivided interest in the land in controversy under the instruments under which they claim title."

An examination of the deed of trust from Wiley Harris and wife, Daisy Harris, to Hoyle, Trustee, which is an exhibit of plaintiffs and defendants, shows that the deed of trust in the granting clause conveys to Hoyle, Trustee, only "a five-sixths undivided interest" in Tract No. 1. An examination of the deed from Hoyle, Trustee, to Daisy Harris, which is an exhibit of plaintiffs and defendants, shows that this deed in the granting clause conveys to Daisy Harris only "a five-sixths undivided interest" in Tract No. 1.

The judge's findings of fact refer to the aforesaid deed of trust and deed by book and page as duly recorded in the public registry of Guilford County. The judge finds as a fact that Wiley Harris was the owner in fee simple of the two tracts of land. If, in fact Wiley Harris did own a fee simple title to the two tracts of land, it seems that he and his wife would have conveyed to Hoyle, Trustee, a fee simple title to all of Tract No. 1 instead of only "a five-sixths undivided interest" in Tract No. 1. These facts seem to be in conflict, and the findings of fact do not clear up such apparent conflict. If someone else not a party to this action owns a one-sixth undivided interest in Tract No. 1, such a person is a necessary party to a final and complete determination of this action.

The defendants and the additional defendants assign as error the judge's conclusion of law that plaintiffs are the owners in fee simple and entitled to the immediate possession of the two tracts of land, including the part of Tract No. 1 conveyed by Daisy Harris to Grace Construction Company, and by it to Mary Louise Price and Helen Moore Price. This seeming conflict above stated, apart from all other questions presented by the appeal, prevents us from safely and accurately passing on this conclusion of law.

Defendants Boquist and Hooper assign as error this so called finding of fact: "19. That the evidence of the defendants is insufficient

as a matter of fact and as a matter of law to establish adverse possession under the provisions of G.S. 1-38 and G.S. 1-40."

Defendants Boquist and Hooper plead as a further answer and defense twenty years adverse possession, G.S. 1-40, and seven years adverse possession under color of title, G.S. 1-38.

Defendants Boquist and Hooper have offered evidence to this effect: The father of Mary Louise Price and Helen Moore Price bought for them in 1947 a part of Tract No. 1 from Grace Construction Company. In 1947 Mary Louise Price and Helen Moore Price were under the age of 21 years. Their father lives in Greensboro, North Carolina, Mary Louise Price Boquist lives in Minnesota, Helen Moore Price Hooper lives in Rockingham County, North Carolina. Their father has a power of attorney from them, and has managed the land since 1947. Their father for them has listed and paid the taxes on the land every year since 1947, has leased it, and collected the rents. It has been under lease twelve years to the same lessee. They have built no building on the land.

Plaintiffs offered no evidence as to possession. However, this stipulation appears in the record: "It is stipulated and agreed between the parties hereto and their counsel that Daisy Harris was in the peaceful possession of the property in controversy from the death of her husband, Wiley Harris, in 1933, until her death on June 6, 1960 (sic)." The judge found as a fact this stipulation, with the exception that he found the date of Daisy Harris' death was 6 February 1960. If the stipulation as to the peaceful possession of "the property in controversy," includes, as it seems to, that part of Tract No. 1 conveyed by Daisy Harris to Grace Construction Company, and by it to the *feme* defendants Boquist and Hooper, then the defendants Boquist and Hooper have stipulated themselves out of court as to their alleged defenses of obtaining title by adverse possession. We do not consider the findings of fact clear on this question, and we are fortified in our opinion by the fact that appellees in their brief do not contend that the defendants Boquist and Hooper have stipulated themselves out of court as to their alleged defenses of obtaining title by adverse possession.

The judge's so called finding of fact 19 is a conclusion of law, not a finding of fact.

"Where a jury trial is waived by the parties to a civil action, the judge who tries the case is required by G.S. 1-185 to do three things in writing: (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising upon the facts found; and (3) to enter judgment accordingly." *Woodard v. Mordecai*, 234 N.C. 463, 67 S.E. 2d 639.

The pleadings and the evidence require a specific finding of fact as to the possession of the part of Tract No. 1 conveyed by Daisy Harris to Grace Construction Company, and by it to the *feme* defendants Boquist and Hooper, and a conclusion of law, separately stated, based on the findings of fact as to whether or not the *feme* defendants Boquist and Hooper have acquired title by adverse possession pursuant to the provisions of G.S. 1-38 or G.S. 1-40. On this point the findings of fact are totally inadequate.

L. Herbin, Jr., acted as counsel for the additional defendants during the trial before Judge Olive. The record shows that he made appeal entries for them, and contains their assignments of error. L. Herbin, Jr., filed no brief for them in this Court. However, on 21 May 1961, he filed in this Court a written motion for the additional defendants to be allowed to adopt the brief filed in this Court by the defendants Boquist and Hooper. In this motion L. Herbin, Jr., states in substance: The additional defendants by reason of their age, places of residence, health, education and lack of familiarity with court procedure did not realize the importance of the necessary procedures in the proper prosecution of a civil action and the appeal thereof, and did not realize the necessity of any action on their part "inasmuch as defendants Lea and Walker were made parties to the action by the adoption of a previously filed answer and their presence was not essential at the trial of the said action in the Superior Court." (This is a quote from the motion). That the additional defendants did not respond to his communication in respect to an appeal, until it was too late to prepare and file a brief. That he had been closely associated with counsel for the defendants Boquist and Hooper in the preparation of the case for trial, the actual trial of the action, in the preparation of the case on appeal, and is well acquainted with the brief filed by counsel for the defendants Boquist and Hooper. Their brief embodies the identical arguments which the additional defendants would make, with the exception of their argument as to adverse possession. This motion is allowed, permitting him to adopt the brief filed in this Court by the defendants Boquist and Hooper.

Judge Olive's finding of fact 15 is: "That Daisy Harris died testate on the 6th day of February, 1960, devising house and lot located on Retreat Street, in Greensboro, North Carolina, to her sisters, Cora Jane Lea and Lettie Ora Walker." However, there is no finding of fact to the effect that this house and lot ever belonged to Wiley Harris, or was part of the two tracts of land conveyed by Hoyle, Trustee, to Daisy Harris. If it was part of the two tracts of land conveyed to Hoyle, Trustee, to Daisy Harris, then the additional defendants

are necessary parties to a complete and final determination of this action.

There is nothing in the record before us to show definitely that the additional defendants were ever made parties defendant by any order of court, although a stipulation states they "were duly made parties defendant to this action and adopted answer heretofore filed by L. Herbin, Jr., guardian *ad litem* for Daisy Harris." However, a further stipulation states the "answer was adopted by stipulation with plaintiffs' counsel by additional defendants." In the light of the entire record before us a serious question is presented as to whether the so called additional defendants are as a matter of law parties to this action. As the action must go back for a new trial, and if the so called additional defendants are necessary parties, as stated above, then they can properly be made parties defendants, provided they have not been made so by instruments which do not appear in this record.

In the absence of sufficient and definite findings of fact, as required by the statute when a jury trial is waived, we are of opinion that the judgment should be vacated and the case remanded to the superior court to the end that the facts may be sufficiently and definitely found, that we may more accurately and safely pass upon the conclusions of law and the judgment. *Jamison v. Charlotte*, 239 N.C. 423, 79 S.E. 2d 797; *Shore v. Bank*, 207 N.C. 798, 178 S.E. 572; *Trust Co. v. Transit Co.*, 198 N.C. 675, 153 S.E. 158; *Knott v. Taylor*, 96 N.C. 553, 2 S.E. 680. It is so ordered.

Remanded.