GARY H. WATTS AND WIFE, TROY ANN WATTS, D/B/A WATTS REALTY COMPANY, v. SUPERINTENDENT OF BUILDING INSPECTION OF THE CITY OF CHARLOTTE.

(Filed 22 May 1968.)

Trial § 57—

Upon trial of an action by the court without a jury, failure of the court to find the ultimate facts necessary to support its conclusions of law is reversible error, G.S. 1-185, and the cause will be remanded for findings sufficient to support a judgment.

APPEAL by defendant from *Clarkson, J.,* 16 October 1967 "B" Civil Session of MECKLENBURG Superior Court.

The facts necessary for decision are as set out in the opinion.

*W. A. Watts for defendant appellant.*
*No Counsel for plaintiffs.*

MALLARD, C.J. The defendant appellant makes three assignments of error, asserting:

(1) That the trial court abused its discretion in issuing an order allowing plaintiff to repair the building as set out in its order, after the defendant had ordered it to be removed or demolished pursuant to the provisions of the Charlotte City Code.

(2) That the trial court committed error by refusing to vacate the temporary restraining order issued on 3 August 1967.

(3) That the trial court failed to make findings of fact or conclusions of law and to include them in its order dated 23 October 1967.

The evidence tends to show these facts. Plaintiffs were on 6 June 1967 granted a permit by the defendant to move a dwelling house from its then location to a lot owned by them at 4224 Howie Circle in Charlotte. This dwelling house had theretofore been inspected by defendant and found to be structurally sound and fit for human habitation. Thereafter, and before June 18 or 19, plaintiffs moved the house to 4224 Howie Circle as allowed by the permit. On 20 June 1967 defendant notified plaintiffs in writing that the dwelling located at 4224 Howie Circle was at that time unfit for human habitation and that a hearing on the matter would be held on 3 July 1967. After the first inspection and before the second inspection of the dwelling on June 18 or 19 at its then location at 4224 Howie Circle, the house had been vandalized to the point that it was structurally unsound. Facilities had been torn out and the exterior of the

building was damaged. This second inspection was made because some citizens had requested such inspection. The second inspection was made before the plaintiffs had had the opportunity to make repairs to the building in order to make it structurally sound and fit for human habitation. On 3 July 1967 the plaintiffs had not had time to properly repair the house.

On 3 July 1967 plaintiffs, after a hearing by the defendant, as provided by Section 10A-8 of the Housing Code of the City of Charlotte, were advised that the dwelling was unfit for human habitation and that said dwelling could not be repaired, altered, or improved at a cost of less than fifty per cent (50%) of the value of said dwelling. Plaintiffs were ordered by defendant to remove or demolish such dwelling before 3 August 1967.

Section 10A-8 of the Housing Code of the City of Charlotte provides in part that whenever the Superintendent of Building Inspection of the City of Charlotte finds "that any housing is unfit for human habitation" and if he also finds that the cost of repairs, alteration, or improvements "of the said dwelling cannot be made at a cost not to exceed fifty per cent (50%) of the value of the housing," he shall issue an order requiring the owner to remove or demolish such dwelling within a specified time. This section of said Housing Code also provides that Commissioners may be appointed to appraise the property in the event there is disagreement as to the value of the housing and the cost of improvement.

Section 10A-8 of the said Housing Code also provides that any person affected by an order issued thereunder may petition the Superior Court for an injunction to restrain the enforcement thereof. On 3 August 1967 plaintiffs instituted this action to restrain the defendant from enforcing the order dated 3 July 1967 requiring them to remove or demolish said dwelling.

On 3 August 1967 Judge Clarkson signed an order temporarily restraining the defendant herein from enforcing the said order issued 3 July 1967 and further ordered that this cause be heard on its merits at a non-jury session "at the first available trial date subsequent to September 1, 1967."

At the 16 October 1967 "B" Civil Session of Mecklenburg Superior Court this cause was heard on its merits by Judge Clarkson. Both parties offered evidence. The following judgment was entered on 23 October 1967:

> "This Cause coming on to be heard and being heard before the undersigned, Francis O. Clarkson, Judge presiding over the October 16, 1967, B Civil Session of Mecklenburg County Superior Court, and being heard upon petition of the plaintiffs

against the defendant, Supt. of Building Inspection of the City of Charlotte, and being heard before the Court on a temporary injunction by His Honor Fred H. Hasty *(sic)* against the defendant dated August 3, 1967, restraining the enforcement of the order to demolish or remove the dwelling house situated at 4224 Howie Circle, defendant being temporarily enjoined pending final disposition of the Cause.

It appearing to the Court after hearing evidence on behalf of the plaintiff and the defendant and the exhibits which are a part of the record and further from a personal inspection by the Court in company with the respective attorneys of the plaintiff and defendant, and it appearing to the Court that the interest of justice would be served by the continuance of the temporary restraining order for sixty days from this date upon the following conditions, namely:

That the plaintiff will within that time make substantial repairs to the house moved on the property known as Lot 17, Block 1 of Howie Circle, as follows:

1.  That the foundation be constructed and completed in strict conformance with the building code of the City of Charlotte.

2.  That a new roof of good grade composition shingles be put on the entire roof.

3.  That all sills, floors, or other structural parts of the building which have decayed be replaced by sound timbers and floors.

4.  That hot water heater conforming to the city building code be installed.

5.  That adequate plumbing and bathroom facilities be installed to conform to the city building code.

6.  That the house be rewired electrically to conform to the electrical wiring code.

7.  That the house be given at least two coats of paint inside and out.

8.  If the subflooring be retained after the rotten places have been repaired, that same be covered with asbestos tile or new wooden flooring.

9.  That the lot be graded and landscaped in a suitable manner.

That all the work be in compliance with the building code of the City of Charlotte.

That, upon the completion of the said work, report of same is to be made to the court by plaintiff's attorney, at which time the matter will come on for further hearing, if necessary for the parties to be heard, and also for a final order of disposition in the matter. This Cause is held open for further order."

There was evidence presented from which, if believed, facts could have been found and set out in the judgment to justify the court in entering the above order. Defendant's first two assignments of error are without merit. The statute, G.S. 1-185, reads in part, "Upon trial of an issue of fact by the court, its decisions shall be given in writing, *and shall contain a statement of the facts found,* and the conclusions of law separately." (emphasis added.)

"Where a jury trial is waived by the parties to a civil action, the judge who tries the case is required by G.S. 1-185 to do three things in writing: (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising upon the facts found; and (3) to enter judgment accordingly. (citations omitted.) In addition, he must state his findings of fact and conclusions of law separately. (citations omitted.) The judge complies with this last requirement if he separates the findings and the conclusions in such a manner as to render them distinguishable, no matter how the separation is effected. (citations omitted.)

"There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. (citations omitted.) G.S. 1-185 requires the trial judge to find and state the ultimate facts only. (citations omitted.)" *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639.

We are of the opinion, and so hold, that the trial court has not complied with the requirement of G.S. 1-185, as interpreted by the Supreme Court, in that the court's decision does not contain a statement of the facts found. The case is remanded in order that the statute may be complied with.

Error and remanded.

BROCK and PARKER, JJ., concur.