O. P. FOX AND WIFE, IDA FOX v. ROBERT E. MILLER AND WIFE, JUSTINA MILLER

No. 7025DC18

(Filed 6 May 1970)

1. **Appeal and Error § 57— exception to judgment — question on appeal**

    An exception to a judgment rendered in a trial by the court, without exception to the evidence presented or the findings of fact made by the court, presents the sole question of whether the facts found support the judgment.

2. **Appeal and Error § 57— appeal as exception to judgment**

    An appeal itself constitutes an exception to the judgment and presents the question of whether the facts found support the judgment.

3. **Trial § 58— trial by court without jury — failure to find the material facts**

    In this action to remove cloud from title tried by the district court without a jury, the judgment entered by the court contains no findings of fact upon which the court could base its conclusions of law as required by [former] G.S. 1-185, the judgment having merely set forth as findings of fact the contentions of the parties and a review of the evidence, and the cause must be remanded to the district court.

APPEAL from *Snyder, District Judge,* June 1969 Session CALDWELL County District Court.

This is a civil action instituted by plaintiffs, O. P. Fox and wife, Ida Fox, to remove a cloud from plaintiffs' title to an 8.5 acre tract

of land in Caldwell County. Plaintiffs claim title under a deed from R. M. Coffey arising out of a chain of title leading to a common grantor. Plaintiffs alleged that a cloud on the title arose under a deed from Ernest Pitts and wife to defendants for the 8.5 acre tract and that the deed is invalid because the grantors had no title to convey.

By consent of the parties, the case was tried before the judge without a jury. At the conclusion of the trial a judgment was entered on 11 July 1969 as follows:

### "JUDGMENT

\*          \*          \*

"1.  Both plaintiffs and defendants claimed to own the aforesaid 8½ acre parcel of land, the plaintiffs by a deed from R. M. Coffey dated February 15, 1962, recorded in Book No. 423, at Page 541 in the Registry of Caldwell County. The defendants claimed title to the said 8½ acre tract of land by deed from Ernest Pitts and wife, Beulah Pitts, dated November 27, 1967, recorded in Book 577 at pages 422 and 423, Caldwell County Registry.

"2.  The defendant claimed adverse possession under color of title for some 16 years. The evidence before this court consisted of the conveyances in the chains of title of the parties hereto; the testimony of O. P. Fox and John Pitts for plaintiff; of G. R. Oxentine, Minnie Pitts and Ernest Pitts for the defendants. Since there were no official surveys or maps of the lands, drawings made by the attorneys were allowed to be used to illustrate their arguments, but were specified not to be evidence because there was no assurance of their accuracy.

"3.  The evidence shows that the common source of title of both parties hereto as to the property in question is derived from John Oxentine and wife, Harriet Oxentine, who owned the lands on both sides of New Year's Creek.

"4.  The plaintiffs offered in evidence the following documents in support of their claim:

"(a)  Deed by R. M. Coffey, (Widower) to O. P. Fox and wife, Ida Fox, dated February 15, 1962, recorded in Book 423 at Page 541, Caldwell County Registry.

"(b)  Deed by Dalton Pitts to R. M. Coffey, dated February 17, 1951, recorded in Book 271 at page 32, Caldwell County Registry.

"(c) Deed by Arl Pitts and wife, to Dalton Pitts, dated January 21, 1950, recorded in Book 249 at page 567, Caldwell County Registry.

"(d) Deed by Florence Pitts Coffey and husband, Collis Coffey, to Arl Pitts and wife, Gladys Pitts, dated April 6, 1949, recorded in Book 249 at Page 421, Caldwell County Registry.

"(e) Deed by G. R. Oxentine, et al, to Roy Pitts and wife, Florence Pitts, dated December 2, 1936, recorded in Book 146 at Page 247, Caldwell County Registry.

"5. The defendants offered in evidence the following documents in support of their claim:

"(a) Deed by Ernest Pitts and wife, to Robert Miller and wife, Justina Miller, dated November 27, 1967, recorded in Book 557 at page 422, Caldwell County Registry.

"(b) Deed by G. R. Oxentine and wife, Mattie Oxentine to Ernest Pitts and wife, dated September 8, 1953, recorded in Book 285 at Page 544, Caldwell County Registry.

"6. The defendants offered testimony tending to show that they and their predecessors in title had owned, occupied, cultivated, pastured, fenced and used the 8½ acre tract of land openly, notoriously and adversely under known and visible boundaries and under color of title for more than 8 years next preceding the institution of this action.

"7. It was stipulated and agreed by the parties and their attorneys and this court that all rights of the parties necessary and proper to preserve their rights of appeal, such as objections, exceptions, motions, etc., were deemed to have been timely and properly made and reserved unto them.

"WHEREFORE, this court concludes as matters of law based upon the above findings of fact that:

"1. The plaintiffs have good and sufficient title to the Oxentine-Pitts lands described in their conveyances which lie West of New Year's Creek.

"2. The plaintiffs do not have any valid claim to any of said lands lying East of New Year's Creek.

"3. The defendants, Robert E. Miller and wife, Justina Miller, have good and sufficient title to the Oxentine-Pitts lands lying on the East side of New Year's Creek which are described in deed from G. R. Oxentine and wife, to Ernest Pitts, dated

September 8, 1953, duly recorded in Book 285, Page 544, Caldwell County Registry, by virtue of adverse possession under color of title for more than 8 years.

"4. The plaintiffs do not have any valid claim whatsoever to any of the lands described in the conveyances to the defendants.

"5. The title and claims of the defendants do not constitute any cloud upon title of the plaintiffs.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

"1. The plaintiffs have no claim or title to lands on the East side of New Year's Creek, or to the 8½ acre tract described in deed dated November 27, 1967, recorded in Book 557 at Page 422, Caldwell County Registry.

"2. The claims of the defendants are superior to the claims of the plaintiffs as to the lands on the East side of New Year's Creek.

"3. The title and claims of the defendants do not constitute any cloud upon the title of the plaintiffs.

"4. The costs of this action be taxed against the plaintiffs.

"Entered this 11th day of July, 1969.

"/s/ Keith S. Snyder
Judge Presiding"

From this judgment, the plaintiffs appealed to the North Carolina Court of Appeals.

*Wilson and Palmer, by Hugh M. Wilson, for the plaintiff appellants.*

*L. H. Wall, attorney for the defendant appellee.*

Hedrick, J.

[1, 2] The appellants bring forward the sole question of whether the judgment entered by the court made sufficient findings of fact upon which to base the conclusions of law and sustain the judgment entered. An exception to a judgment rendered in a trial by the court, without exception to the evidence presented or the findings of fact made by the court, presents the sole question of whether the facts found support the judgment. *Best v. Garris,* 211 N.C. 305, 190 S.E. 221 (1937). Even in the absence of exceptions to the findings of fact, the appeal itself constitutes an exception to the judgment and

presents the question of whether the facts found support the judgment. 1 Strong, North Carolina Index 2d, Appeal and Error, § 57.

G.S. 1-185, which was in effect at the time this case was decided and which has been replaced by G.S. 1A-1, Rule 52, Rules of Civil Procedure, required that "Upon trial of an issue of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law separately." Under this statute there were three things which the judge was required to do when jury trial was waived: (1) He had to find the facts on all issues of fact joined on the pleadings; (2) he had to declare the conclusions of law which arose upon the facts found; and (3) he had to enter judgment accordingly. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951).

[3]    The judgment entered by the court below in the present case contains no findings of fact upon which the judge could base his conclusions of law. The judgment merely sets forth, as findings of fact, the contentions of the parties and attempts to review the evidence offered at the trial. We are of the opinion that the court below has not sufficiently complied with the requirements of G.S. 1-185 in that the court's decision does not contain a statement of the facts found. "Where a case is left by consent to be tried both as to the facts and the law by the court, and it fails to find the material facts, the case may be remanded in order that such facts may be so found. *Knott v. Taylor,* 96 N.C. 553; *Trust Co. v. Transit Lines,* 198 N.C. 675." *Shore v. Bank,* 207 N.C. 798, 178 S.E. 572 (1935).

In the absence of sufficient and definite findings of fact to support the judgment, the judgment is vacated and the case is remanded to the District Court of Caldwell County for further hearing, findings, conclusions and decision.

Vacated and remanded.

Britt and Parker, JJ., concur.