G. L. JONES, T/A JACKSON PARK SUPPLY COMPANY v. M. F. MURDOCK, CONTRACTOR, AND J. C. PARKS

No. 7419DC30

(Filed 20 February 1974)

**Rules of Civil Procedure § 52 —failure to make findings and conclusions**

In an action to recover for materials furnished for use in the construction of defendant's house wherein the evidence was conflicting as to whether plaintiff had extended credit to the contractor or to defendant owner, the trial court failed to make sufficient findings of fact and conclusions of law where the only finding or conclusion was that defendant was indebted to plaintiff in a specified amount. G.S. 1A-1, Rule 52(a)(1).

APPEAL by defendant J. C. Parks from *Warren, District Court Judge,* CABARRUS County District Court. Argued in the Court of Appeals 22 January 1974.

The plaintiff's evidence tended to show that he was the owner of Jackson Park Supply Company in Cabarrus County and that he supplied during 1969, certain materials used to construct a house for the defendant Parks. He testified that prior to delivering any supplies for the construction of the house, he told the defendant Murdock and the defendant Parks that he would not extend credit for Murdock, the contractor, but would extend credit to Parks to be used for the materials and would expect Parks to pay for them. He further testified that he had advanced materials in the amount of $1,484.85 to be used on the Parks job between February and June, 1969, and had not been paid any amount on this account. The defendant Murdock testified for the plaintiff. He testified that he had not been paid by the defendant Parks for the materials supplied by the plaintiff Jones to be used in the construction of the house and had not paid for them himself. He further testified that he had heard the plaintiff tell the defendant Parks that Parks would be liable for materials furnished.

The defendant Parks testified that he had contracted with the defendant Murdock for Murdock to be the contractor for the construction of the Parks house at an agreed price. He further testified that he had paid Murdock in full the agreed price and that Murdock had walked off of the job and had refused to complete it for him. He further testified that Murdock was the only person who had dealt with the subcontractors or suppliers

and that Parks knew nothing of the arrangements Murdock had made with them.

*Robert H. Irvin and Williams, Willeford, Boger and Grady by Samuel F. Davis, Jr. for plaintiff-appellee.*

*Clarence E. Horton, Jr. for defendant-appellant.*

CARSON, Judge.

The only assignment of error presented on appeal is in the failure of the trial court to make findings of fact and conclusions of law to support judgment. The only finding or conclusion is that the defendant Parks is indebted to the plaintiff in the amount of $1,484.85 plus interest. Rule 52(a)(1) of the Rules of Civil Procedure dictates the necessary ingredients for the judgment when the matter is heard without an jury. It states:

> (a) Findings—(1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

The plaintiff, while conceding that the trial court did not comply with provisions above stated, maintains that the error was a mere technical one which would not warrant a new trial. The deficiency, however, is more than a technical one. The necessity for the finding of facts and entry thereof, and for the conclusions of law to be drawn from the facts, is to allow review by the appellate courts. Without such findings and conclusions, we are unable to determine whether or not the judge correctly found the facts or applied the law thereto. *Morehead v. Harris,* 255 N.C. 130, 120 S.E. 2d 425 (1961) ; *Jamison v. Charlotte,* 239 N.C. 423, 79 S.E. 2d 797 (1954) ; *Watts v. Supt. of Building Inspection,* 1 N.C. App. 292, 161 S.E. 2d 210 (1968). Without such findings we may only surmise what the trial court found. Hence, a new trial must be awarded.

New trial.

Chief Judge BROCK and Judge MORRIS concur.