MORGAN REES POAG v. EDWARD L. POWELL, COMMISSIONER OF DIVISION OF MOTOR VEHICLES

No. 7818SC250

(Filed 2 January 1979)

1. **Rules of Civil Procedure § 52 — failure to make findings of fact — no reversible error**

    Though the trial court erred in failing to make findings of fact in support of its conclusion that an officer arrested plaintiff "upon reasonable grounds," such error was not reversible since the facts leading up to the arrest were uncontradicted; only the conclusion to be drawn from them was disputed; and the judge's conclusion could be reviewed on appeal without the aid of detailed findings of fact.

2. **Automobiles § 126.2 — refusal to take breathalyzer test — pretended cooperation**

    Evidence was sufficient to support the trial court's conclusion that defendant willfully refused to submit to a breathalyzer test where it tended to show that defendant was told to breathe into the machine; he placed his mouth on the mouthpiece of the machine but no air sample sufficient for a reading appeared; defendant was given further instructions and two more opportunities to breathe into the machine; and the machine had been tested and found to be working properly immediately before the test was administered.

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 28 December 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 December 1978.

Plaintiff brought this action under G.S. 20-16.2(e) against defendant Commissioner of the Division of Motor Vehicles for a review of the revocation of his driving privileges. According to

plaintiff's complaint, the revocation was based on a finding that he refused to take a breathalyzer test; plaintiff denies that he refused the test. A temporary restraining order staying the revocation was entered and continued until the case could be resolved on the merits.

At the hearing, Officer Ronald Bradley of the Chapel Hill Police Department testified that on 4 September 1976 he had observed plaintiff making a right turn, and that plaintiff had driven approximately 100 yards on the left-hand side of the street before returning to the right-hand side. He stopped the plaintiff and asked him to step from the car. There was "a strong odor of alcoholic beverage on or about his person; also his face was very red and flushed; his eyes were glassy and bloodshot." It was Bradley's opinion that the plaintiff had consumed enough intoxicating beverages that his mental and physical faculties were appreciably impaired. Bradley arrested him for driving under the influence, had him perform dexterity tests at the scene, and then took him to the Police Department breathalyzer room.

Bradley asked the plaintiff to take the breathalyzer test, and plaintiff said he would take it. Officer Kenneth Rogers, a qualified breathalyzer operator, was there to administer the test. Rogers explained to plaintiff what was required of him physically in taking the test and plaintiff placed his mouth on the mouthpiece but no air sample sufficient for a reading appeared. Rogers instructed him twice more and gave him two more opportunities, but did not obtain an air sample. Bradley testified that throughout this period and later when the plaintiff was taken before a magistrate plaintiff was insisting that he wanted to take the test.

The plaintiff testified that he complied with all of Rogers' instructions concerning the breathalyzer test, and that he did blow into the mouthpiece. He had had two drinks at the football game that afternoon and one drink and part of a beer between the game and the time he was stopped by Officer Bradley, which was approximately 10 p.m. He denied that his physical or mental faculties were impaired. Officer Frick of the Chapel Hill Police had told him before he got into his car that if he tried to drive, Frick would pull him on suspicion of driving under the influence. The plaintiff had taken a breathalyzer test in 1973 in Chapel Hill, and he had no trouble getting a reading then.

The court found that the plaintiff had wilfully refused to take the breathalyzer test, dissolved the restraining order against the defendant, and affirmed the revocation of plaintiff's driver's license. Plaintiff appeals.

*William L. Stocks for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

ARNOLD, Judge.

G.S. 20-16.2 provides for the mandatory revocation of the driver's license of any person who refuses to submit to chemical tests to determine the alcoholic content of his breath or blood after he has been arrested for driving under the influence of liquor. Plaintiff brings this action under G.S. 20-16.2(e) for review of the revocation of his driving privileges. G.S. 20-16.2(d) sets out the scope of the initial hearing from which appeal may be taken to the Superior Court. That hearing is to cover, among other issues, "whether the law-enforcement officer had reasonable grounds to believe the person had been driving . . . while under the influence of intoxicating liquor, . . . and whether he willfully refused to submit to the test upon the request of the officer."

[1] Plaintiff first assigns error to the failure of the court to make findings of fact in support of its conclusion that Officer Bradley arrested the plaintiff "upon reasonable grounds." Under G.S. 1A-1, Rule 52(a)(1), in all actions tried without a jury the court is required to "find the facts specially and state separately its conclusions of law thereon." By its bare finding "[t]hat on the 4th day of September, 1976, the plaintiff was arrested by a law-enforcement officer, Patrolman Ronald Bradley of the Chapel Hill Police Department, upon reasonable grounds, for the offense of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor" the court failed to comply with the statute. Plaintiff argues that such a failure is reversible error, citing *Jones v. Murdock,* 20 N.C. App. 746, 203 S.E. 2d 102 (1974). While we do not approve of the trial judge's failure to comply with the statute, we see no purpose that would be served by remanding for findings of fact, *see, e.g. Jamison v. Charlotte,* 239

N.C. 423, 79 S.E. 2d. 797 (1953), or by awarding the plaintiff here a new trial. As this Court indicates in *Jones*, the requirement that facts be found specially is intended to provide a basis for appellate review. The facts leading up to the arrest in this case are essentially uncontradicted; only the conclusion to be drawn from them is disputed. Accordingly, we are able to review the judge's conclusion adequately without the aid of detailed findings of fact. Having done so, we find that there was sufficient evidence to support his conclusion that there were reasonable grounds for the arrest.

[2]  On the issue of whether the plaintiff refused to submit to the breathalyzer test, the trial court made findings of fact. The plaintiff argues that the court was in error in concluding from these findings that he willfully refused to submit to the test. We disagree. While we think it would have been better practice for the officer administering the test to check the machine for proper functioning when he failed to obtain an air sample, we note that the machine had been tested and found to be working properly immediately before the test was administered. The plaintiff was three times instructed in using the machine and told that a failure to give a sufficient sample would be treated as a willful refusal. The facts provide sufficient support for the judge's conclusion.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.