STERN and SWIFT v. HYMAN BROTHERS.

(Filed 16 November, 1921.)

**Attorney and Client— Contracts— Fees— Contingencies—Evidence—Recovery—Questions for Jury—Trials.**

The relationship of attorney and client is one wherein the parties do not stand upon an equal footing in making a new contract for the compensation of the attorney, *in medias res,* or after he has therein been employed and before the conclusion of the matter; and when, under such circumstances, the attorney has agreed with his client to be paid upon a contingent fee basis, this contract will be declared void, not upon the ground that actual fraud is necessary to be shown, but as a matter of sound public policy to exclude its possibility; and if no definite original contract of employment has been established, the measure of the attorney's recovery, is a reasonable compensation for the service rendered.

APPEAL by defendants from *Finley, J.,* at February Term, 1921 of GUILFORD.

This is an action by the plaintiffs, attorneys at law, to recover $5,050 as a fee for services claimed to have been rendered in adjusting the loss by fire on a stock of goods with certain fire insurance companies. The complaint alleges that the defendants employed the plaintiffs to adjust

said losses with the insurance companies, and that afterwards pending the said adjustment the defendants agreed to pay the plaintiffs 20 per cent on the amount recovered, which the plaintiffs claim was $25,250, on which they seek to recover a fee of $5,050. The defendants deny the making of such contract and allege that the only contract ever made with the plaintiffs was to pay them $200 for their services in making proofs of loss and in assisting in adjusting the same, which was all the service the plaintiffs rendered. The defendants further allege that $25,250, the basis on which the plaintiffs demand $5,050 as 20 per cent fee, was never recovered; that in fact the insurance companies took over $15,000 of goods and $550 for fixtures and agreed to pay $9,700 in cash, loss by fires, of which $3,250 has not been paid, and allege not only that there was no contract for 20 per cent, but that, if there was it should be computed only on the cash actually recovered, and they contend further that if there were any contract for 20 per cent, it was made during the time the plaintiffs were acting in pursuance of their employment and was void, and the plaintiffs are entitled only to reasonable compensation for their services to be assessed by the jury.

*Wilson & Frazier for plaintiffs.*
*W. P. Bynum and R. C. Strudwick for defendants.*

CLARK, C. J. The record is voluminous and there are many exceptions, but we need not consider but one, which we think entitles the defendants to a new trial, for the others may not arise on another trial.

The defendants except and assign for error the refusal of his Honor to give the third instruction requested by the defendants, to wit: "It being admitted that at the time of the alleged contract between the plaintiff Stern and the defendants (as claimed by plaintiffs) the relation of attorney and client existed between them, the plaintiffs would not be entitled to recover from the defendants any sum for their services which was not fair and reasonable under all the circumstances of the case, no matter what sum was mentioned in the said contract." This prayer should have been granted. It is, and should be, well settled that where the relation of attorney and client exists and the contract sued upon by the attorney is made during the existence of the relationship, and more especially when the contract is for a portion of the subject-matter contended for, as here, the attorney can recover no more than a reasonable compensation for his services, no matter what kind of a contract he made with his client or induced him to enter into. This rule is based upon the confidential relations existing between attorney and client, and is enforced, not upon the ground that there was fraud, but in order to prevent fraud and as a matter of sound public policy.

While the relationship exists an attorney cannot bind his client in any manner to make him greater compensation for his services than he would have the right to demand if no contract had been made, during the existence of the relationship. Weeks on Attorneys (2 ed.), sec. 368; *Elmore v. Johnson* (149 Ill., 503), 21 L. R. A., 366. His Honor disregarded this principle as pointed out by exceptions 5, 7, 9, and 16 in the record.

In a contract of this kind, the burden is on the plaintiff to show that it was fair and reasonable and not upon the defendant to show to the contrary. *Lee v. Pearce,* 68 N. C., 81, 87; *McLeod v. Bullard,* 84 N. C., 516; *Pritchard v. Smith,* 160 N. C., 84; 2 R. C. L., p. 966, sec. 42, and p. 1038; *Shirk v. Neible,* 83 American State Rep., note on pages 161-162, and cases there cited.

According to the complaint and the testimony of the plaintiff Stern himself, the contract he sets up was entered into after the establishment of the relation of attorney and client between the parties and during the continuance of this relationship.

Under such circumstances the client would be at a serious disadvantage if the attorney should throw up the case after acquiring knowledge of his plaintiff's case, and while the conduct of the case was *in medias res.* The parties did not stand upon an equal footing. 2 Thornton on Attorneys, secs. 428, 432.

This wholesome principle is that the parties to a contract must stand on an equal footing, and that, therefore, as a matter of law, "Certain known and definite fiduciary relations, as, for instance, that of trustee and *cestui que trust,* attorney and client, guardian and ward, and general agent, having the entire management of the business of the principal, are sufficient under our present judiciary system to raise a presumption of fraud as a matter of law to be laid down by the judge as decisive of the issue, unless rebutted. Other presumptions of fraud are matters of fact to be passed upon by a jury." *Lee v. Pearce,* 68 N. C., 81. The able opinion in this case by *Chief Justice Pearson* laid down the eternal principle of equity and fair dealings from which this Court has never deviated. On page 87 of that opinion the Court instances other fiduciary relations which do not amount to a presumption of fraud as a matter of law, but merely raise a presumption of fraud as a matter of fact to be passed upon by a jury.

That case has been cited and affirmed by this Court in a long line of cases cited in the Anno. Ed., and the principle is universally recognized. The fact of the existence of the relationship of attorney and client at the time the contract is alleged by the plaintiffs to have been made appears from the complaint and by the evidence of the plaintiff himself, Stern, and the judge should have held the alleged contract, if made, to have been void as a matter of law. And, unless the jury rejected, as

it would seem that they did, the defendants' allegation that there was a contract made prior to entering into the relationship for $200, then the case should have been submitted to the jury upon the third prayer of the defendants as above set out, and the jury should have assessed the plaintiffs' recovery upon the basis of a reasonable compensation for the services rendered by the plaintiffs and the benefits received by the defendants. The verdict and judgment must be set aside and a new trial is granted for this

Error.