W. B. ELLIS v. C. B. POINDEXTER, TRUSTEE, L. V. SCOTT, AND
G. D. LITTLE.

(Filed 13 April, 1927.)

**Attorney and Client—Contracts.**

> After the termination of services rendered by an attorney to the client, a transaction by which the former accepts a note from his client in payment for such services is valid and enforceable by the attorney.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1927, of FORSYTH. Affirmed.

This action was begun in Forsyth County Court to enjoin and restrain sale of land under power of sale in deed of trust executed by plaintiff. The note secured in the deed of trust had been assigned by the payee, L. V. Scott, to defendant, G. D. Little.

The issues submitted to the jury were answered as follows:

"1. Was the note and deed of trust executed while the relationship of attorney and client existed between plaintiff and defendant, L. V. Scott, as alleged in the amendment to the complaint? Answer: No.

"2. Is the defendant, G. D. Little, a holder in due course of the note, as alleged in his answer? Answer: Yes.

"3. In what amount, if any, is the plaintiff indebted to the defendant, G. D. Little, on the note described in the complaint? Answer: $950.00."

From judgment on the verdict plaintiff appealed to the Superior Court, assigning errors based upon exceptions to the charge of the court to the jury. Upon this appeal the assignments of error were not sustained. From judgment affirming the judgment of the county court plaintiff appealed to the Supreme Court.

*T. W. Kellam for plaintiff.*
*Swink, Clement & Hutchins for defendants.*

PER CURIAM. The consideration for the note executed by plaintiff and payable to the order of defendant, L. V. Scott, was services rendered to the plaintiff by the said Scott as an attorney at law. There was evidence that the litigation during which these services were rendered had terminated at the date of the execution of the note. The jury has so found, under instructions of the court, which are free from error. *Stern v. Hyman,* 182 N. C., 422. After the litigation had ended, the relationship of attorney and client no longer existed between the parties with respect to such litigation; it was competent for the parties to enter into a valid contract for the payment of services theretofore rendered.

Nor was there error in the instructions of the court upon the second or third issues. These instructions were in accordance with the law applicable to the facts as the jury might find them to be from the evidence.

There was no error in the refusal of the Superior Court to sustain plaintiff's assignments of error on his appeal from the judgment of the county court. The judgment is

Affirmed.