SHERMAN T. ROCK AND HARVEY HAMILTON, JR. v. G. WARD BALLOU AND RALPH G. STYRON

No. 743SC233

(Filed 5 June 1974)

**Attorney and Client § 7— contingent fee agreement — entry during attorney-client relationship — reasonableness**

Action by attorneys to recover upon a contingent fee agreement entered into during the existence of the attorney-client relationship is remanded for findings as to whether the agreement is reasonable and whether it was fairly and freely made, with full knowledge by defendants of its effect and of all the material circumstances relating to the reasonableness of the fee.

APPEAL by defendants from *Cowper, Judge,* 30 July 1973 Session of Superior Court held in CARTERET County.

This is an action by attorneys to recover fees for services rendered to defendants pursuant to a contract. The case was heard by the court without a jury.

Plaintiffs' evidence tended to show that defendants employed them to examine the title to a tract of land. Plaintiffs concluded that the title was not marketable and advised defendants of this fact. Plaintiffs also told defendants that the only chance of getting good title was a proceeding under the Torrens Law. Defendants were unwilling to obligate themselves for the fees and expenses for such a proceeding without assurance of marketable title. The parties then entered into a contingent fee agreement whereby plaintiffs would receive one-fourth of the profit to be received by defendants from the sale of the land. This was later reduced to one-fifth of the profit. The Torrens System was completed as to the tracts involved, and defendants refused to account to plaintiffs for their share of the profit.

The judge made findings of fact and concluded that the parties entered into a binding contract whereby plaintiffs were to recover twenty percent of the net profit from the sale of the land, that plaintiffs performed this contract and that plaintiffs were entitled to judgment in the amount of $7,106.06. Judgment was entered in favor of plaintiffs for that amount.

*Wheatley & Mason, P.A. by L. Patten Mason for plaintiff appellees.*

*D. S. Henderson and P. H. Baxter, Jr., for defendant appellants.*

---

Rock v. Ballou

---

VAUGHN, Judge.

It has been held that a contract between an attorney and his client fixing the attorney's compensation for his services, if made while the relationship of attorney and client is in existence, is void as a matter of law and the attorney can recover no more than he would have the right to demand if no contract had been made. *Stern v. Hyman,* 182 N.C. 422, 109 S.E. 79. There, as here, the contract was for a contingent fee. The rule, as stated in *Stern,* appears to be both unfair and unrealistic.

A better rule would appear to be the generally accepted view as stated by Justice Lake in *Randolph v. Schuyler,* 284 N.C. 496, 201 S.E. 2d 833.

"The generally accepted view appears to be that a contract made between an attorney and his client, during the existence of the relationship, concerning the fee to be charged for the attorney's services, will be upheld if, but only if, it is shown to be reasonable and to have been fairly and freely made, with full knowledge by the client of its effect and of all the material circumstances relating to the reasonableness of the fee. The burden of proof is upon the attorney to show the reasonableness and the fairness of the contract, not upon the client to show the contrary. (Citations omitted.) Contracts for contingent fees, especially, are closely scrutinized by the courts where there is any question as to their reasonableness, irrespective of whether made prior to the commencement of or during the attorney-client relationship."

There is evidence in the record which would permit but not require the court to find that plaintiffs had carried the burden required by the generally accepted view, but no findings as to those matters were made. The judgment is reversed, and the cause is remanded for a new trial where the court will, among other things, make findings as to whether the contract is reasonable and was fairly and freely made, with full knowledge by the defendants of its effect and of all the material circumstances relating to the reasonableness of the fee.

New trial.

Judges CAMPBELL and MORRIS concur.