SHERMAN T. ROCK AND HARVEY T. HAMILTON, JR. v. G. WARD BALLOU AND RALPH G. STYRON

No. 69

(Filed 26 November 1974)

1. Trial § 58— trial without jury — findings of fact required of trial court

When the parties waive a jury trial, the court must make findings of fact sufficient to support its judgment and upon its failure to find material facts, the matter must be remanded for such findings.

2. Trial § 58— findings of fact by trial court — conclusiveness on appeal

Findings of fact made by the court and supported by competent evidence are conclusive, even though there be evidence in the record which would have supported contrary findings.

3. Attorney and Client § 7— attorney's fees — contract made during attorney-client relationship

That portion of the opinion in *Stern v. Hyman,* 182 N.C. 422, which held that a contract between an attorney and his client, made while the attorney-client relationship was in existence, fixing the attorney's compensation, is void as a matter of law and the attorney may recover for services rendered on the basis of *quantum meruit* only is overruled.

4. Attorney and Client § 7— fee contract made during attorney-client relationship — requirements for validity

A contract made between an attorney and his client, during the existence of the relationship, concerning the fee to be charged for the attorney's services, will be upheld if, but only if, it is shown

Rock v. Ballou

to be reasonable and to have been fairly and freely made, with full knowledge by the client of its effect and of all the material circumstances relating to the reasonableness of the fee, and the burden of proof is on the attorney to show the reasonableness and the fairness of the contract; the rule is applicable whether the contract is for a fixed fee or for a contingent fee.

5. Attorney and Client § 7— contingent fee contract — requirements for validity

A contract for a contingent fee, whether made during the existence of the attorney-client relationship or prior to its inception, must be made in good faith, without suppression or reserve of fact or of apprehended difficulties, and without undue influence of any sort or degree; and the compensation bargained for must be absolutely just and fair, so that the transaction may be characterized throughout by all good faith to the client.

6. Attorney and Client § 7; Trial § 58— contingent fee contract — sufficiency of evidence — failure of trial court to make findings

In an action brought by plaintiff attorneys to recover a sum allegedly due them for legal services performed pursuant to a contract therefor, evidence was sufficient to support, but not to compel, a finding of fact that the contract as to the attorney's fee was reasonable, was fairly and freely made, with full knowledge by the defendants of its effect and of all the material circumstances relating to the reasonableness of the fee, that it was made in good faith, without suppression or reserve of fact or of apprehended difficulties, and that it was made without undue influence of any sort or degree, and the trial court properly denied defendants' motion to dismiss at the close of all the evidence; however, the matter must be remanded to the superior court for findings of fact, since these were not made by the trial court.

Chief Justice BOBBITT not sitting.

Justice SHARP concurring.

ON *certiorari* to the Court of Appeals to review its decision, reported in 22 N.C. App. 51, 205 S.E. 2d 540, in which, on appeal of the defendants from *Cowper, J.*, at the 30 July 1973 Session of CARTERET, a new trial was ordered.

The plaintiffs are attorneys. They brought this action for the recovery of $10,560, alleged to be due them for legal services performed pursuant to a contract therefor. The defendant Ballou filed answer denying that he ever employed either of the plaintiffs as his attorney and denying any indebtedness to either of them. The defendant Styron filed answer denying that he had ever employed the plaintiff Rock, admitting that he had employed the plaintiff Hamilton as his attorney but alleging that he had fully paid Hamilton for his services and expenses incurred.

Rock v. Ballou

The matter was heard by Cowper, J., without a jury, and the following findings of fact, summarized, were made by the court:

2. The plaintiffs are licensed attorneys.

3. In 1966, the defendant Styron employed the plaintiff Hamilton to prepare certain deeds and other documents relating to the purchase by Styron of a certain tract of land in Carteret County.

4. In February 1968, both defendants, having a prospective purchaser for the property on condition that Styron was able to convey a good and marketable title, requested the plaintiff Hamilton to examine the title to the property and to determine whether it was marketable.

5. The plaintiff Hamilton employed the plaintiff Rock to help him make the title examination. They concluded that the title was not marketable.

6. The plaintiff Hamilton advised both defendants that, in his opinion, a Torrens proceeding would be necessary to make the title marketable.

7. The defendants and the plaintiff Hamilton agreed that he would institute such proceeding for a contingent fee of twenty-five per cent of the net profit from the sale of the land. This agreement was made during March or April of 1968.

8. On 29 July 1968, the defendants and the plaintiff Hamilton renegotiated the fee agreement and fixed the fee which Hamilton was to receive at twenty per cent of the profit on the sale of the land, the defendants to advance the costs of the proceeding up to $1,000.

9. At the time of the agreement with the plaintiff Hamilton as to the fee, both defendants were aware that the plaintiff Rock was handling the title work for Hamilton and they dealt with Rock in the preparation of documents relating to the proceeding.

10. On 29 July 1968, the plaintiffs proceeded with the obtaining of surveys and, on 9 April 1969, instituted the Torrens proceeding.

11. The plaintiffs successfully concluded the said proceeding and a decree of registration was issued by the clerk and

approved by the judge of the Superior Court and was filed on 27 March 1970, the title being registered in the name of the defendant Styron and his wife.

12. On 1 April 1970, the defendant Ballou closed the sale of the land to one Johnson for $52,800.

13. Despite demands by the plaintiffs, the defendants have failed to make any accounting of the expenses and profits relating to the sale.

14. The defendants divided the proceeds of the sale equally between them.

16. The net profit on the sale was $35,530.28.

17. The defendants advanced the costs of the Torrens proceeding.

Upon these findings of fact, the court concluded as follows (summarized):

1. Both of the defendants entered into a binding contract with the plaintiff Hamilton whereby he was to receive as his fee for the Torrens proceeding twenty per cent of the net profits from the sale of the land.

2. Both defendants acquiesced in and ratified the employment of the plaintiff Rock.

3. The defendants were equal partners in the sale of the land.

4. The defendants are jointly and severally liable to the plaintiffs in the sum of $7,106.06.

5. The plaintiffs completely performed their contract with the defendants.

6. The defendants, being partners in the transaction, are jointly and severally liable to the plaintiffs in the above amount.

Upon these findings and conclusions, the court adjudged that the plaintiffs have and recover of the defendants, jointly and severally, $7,106.06.

Upon appeal to it by the defendants, the Court of Appeals granted a new trial and remanded the matter to the Superior Court for findings as to whether the contract is reasonable and as to whether it was fairly and freely made with full knowledge

by the defendants of its effect and of all the material circumstances relating to the reasonableness of the fee.

The defendants petitioned for certiorari on the ground that their motion for involuntary dismissal of the case should have been allowed.

*Wheatly & Mason, P.A., by L. Patten Mason for plaintiffs.*

*Henderon, Baxter & Davidson by David S. Henderson and B. Hunt Baxter, Jr., for defendants.*

LAKE, Justice.

[1, 2] When, as in the present case, the parties waive a jury trial, the court must make findings of fact sufficient to support its judgment and upon its failure to find material facts, the matter must be remanded for such findings. *Jamison v. Charlotte,* 239 N.C. 423, 79 S.E. 2d 797 (1953) ; Strong, N. C. Index 2d, Trial, § 58. Findings of fact made by the court and supported by competent evidence are conclusive, even though there be evidence in the record which would have supported contrary findings. *Goldsboro v. Railroad,* 246 N.C. 101, 97 S.E. 2d 486 (1957) ; Strong, N. C. Index 2d, Trial, § 58. The record before us contains evidence sufficient to support the findings of fact made by the trial judge.

It appears upon the record before us that the defendants, having an offer for a sale of land, upon the condition that a marketable title could be conveyed to the prospective purchaser, employed the plaintiff Hamilton to determine whether such title could be conveyed. Upon his report that a marketable title could not be conveyed without the institution and completion of a Torrens proceeding, which might or might not be successful, the parties had several conferences. Thereupon, they agreed that the proceeding would be instituted and the defendants would pay for the legal services rendered therein a contingent fee of twenty-five per cent (subsequently reduced to twenty per cent) of the profit realized upon the sale of the land. For the purposes of the present action, it is immaterial whether this contract was made by the defendants with both of the plaintiffs, or with Hamilton alone and assigned in part by him to Rock. The contract as to the fee was made while the relationship of attorney and client existed between the parties to the contract.

[3, 4] In *Stern v. Hyman,* 182 N.C. 422, 109 S.E. 79, 19 A.L.R. 844 (1921), this Court held that a contract between an attorney

and his client, made while the attorney-client relationship was in existence, fixing the attorney's compensation, is void as a matter of law and the attorney may recover for services rendered on the basis of quantum meruit only. As we noted in *Randolph v. Schuyler,* 284 N.C. 496, 201 S.E. 2d 833 (1974), this portion of the decision in *Stern v. Hyman, supra,* is not in accord with the rule generally prevailing in other jurisdictions. To this extent, *Stern v. Hyman, supra,* is hereby overruled. The correct rule, as stated in *Randolph v. Schuyler, supra,* at p. 504, is as follows:

> "A contract made between an attorney and his client, during the existence of the relationship, concerning the fee to be charged for the attorney's services, will be upheld if, but only if, it is shown to be reasonable and to have been fairly and freely made, with full knowledge by the client of its effect and of all the material circumstances relating to the reasonableness of the fee. The burden of proof is upon the attorney to show the reasonableness and the fairness of the contract, not upon the client to show the contrary."

This rule is applicable whether the contract is for a fixed fee or for a contingent fee.

**[5]** The rule governing a contract for a contingent fee, whether made during the existence of the attorney-client relationship or prior to its inception, is thus stated by this Court in *Casket Co. v. Wheeler,* 182 N.C. 459, 467, 109 S.E. 378, 19 A.L.R. 391 (1921):

> "A contract for a contingent fee must be made in good faith, without suppression or reserve of fact or of apprehended difficulties, and without undue influence of any sort or degree; and the compensation bargained for must be absolutely just and fair, so that the transaction may be characterized throughout by all good faith to the client."

The contract upon which the plaintiffs sue is one for a contingent fee and was made during the existence of the attorney-client relationship. The right of the plaintiffs thereunder is, therefore, subject to both of the above stated rules.

**[6]** The contract related to services to be rendered by the plaintiffs in a matter falling within the scope of a business in which both defendants were experienced. Both of them were aware of the general nature of and the necessity for the pro-

Rock v. Ballou

posed proceeding. The evidence in the record is sufficient to support, but not to compel, a finding of fact that the contract as to the attorney's fee was reasonable, was fairly and freely made, with full knowledge by the defendants of its effect and of all the material circumstances relating to the reasonableness of the fee, that it was made in good faith, without suppression or reserve of fact or of apprehended difficulties, and that it was made without undue influence of any sort or degree.

It is not a prerequisite to such a finding that other attorneys be called as witnesses to testify as to the reasonableness of the fee. Neither is it a prerequisite to such a finding that the attorney introduce in evidence a detailed, itemized statement of the time spent by him in rendering the service, though, ordinarily, he would be well advised to do so. In the present instance, the reasonableness of the fee sought to be recovered is to be determined not by the jury but by the judge who is frequently called upon to determine the reasonableness of fees to be paid to attorneys for their services.

Since the evidence in the record is sufficient to permit the court to make findings favorable to the plaintiffs upon the material questions of fact above mentioned, the contention of the defendants that the action should have been dismissed at the close of all the evidence is without merit. However, since the trial court did not make findings upon these questions, the matter must be remanded to the Superior Court for findings thereon and the entry of a proper judgment supported by such findings.

While the matter must be remanded to the Superior Court for its findings upon the above mentioned questions of fact, a complete new trial, which appears to be contemplated by the judgment of the Court of Appeals, is not necessary. No error of law is shown in the findings of fact heretofore made. These are conclusive. The matter must be remanded to the Superior Court solely for findings as to the above mentioned questions of fact, which findings the Superior Court may make upon the present record, together with such further evidence as the Superior Court may deem necessary to enable it to make such findings, and thereupon to enter its judgment. To this extent only, the judgment of the Court of Appeals is modified.

Modified and affirmed.

Chief Justice BOBBITT not sitting.

---
Rock v. Ballou
---

Justice SHARP concurring:

With the result in this case I am in accord. The contract between plaintiffs-attorneys and defendants, their clients, is one for a contingent fee, and the rule as stated in *Casket Company v. Wheeler*, 182 N.C. 459, 467, 109 S.E. 378, 383, 19 A.L.R. 391 (1921) applies. I cannot agree, however, that the case of *Stern v. Hyman*, 182 N.C. 422, 109 S.E. 79, 19 A.L.R. 844 (1921), which the majority opinion purports to overrule, has any application whatever to this case.

In *Stern*, the plaintiffs, attorneys, sought to recover $5,050 in fees for adjusting the defendants' fire loss on a stock of goods insured with several companies. The plaintiffs contended that they had recovered $25,250 for defendants; that after defendants had employed them, and pending the adjustment, defendants had agreed to pay them 20% of the amount recovered. The defendants denied that plaintiffs had collected $25,250 for them. They contended (1) that the only contract they had made with the plaintiffs was to pay them $200 for making proofs of loss and assisting in adjusting the same; and (2) that if there were any contract for 20% of the recovery, "it was made during the time that plaintiffs were acting in pursuance of their employment and was void, and that plaintiffs were entitled only to reasonable compensation for their services to be assessed by the jury." This Court upheld the defendants' contention.

The rule laid down in *Stern v. Hyman* is that once the relation of attorney and client has been established with reference to a particular transaction, matter, or litigation, any contract made thereafter between the two which purports to bind the client to pay the attorney increased compensation for completing or continuing the work he had undertaken to perform is void as a matter of law. Chief Justice Clark stated the rule as follows: "While the relationship exists an attorney cannot bind his client in any manner to make him *greater* compensation for his services than he would have the right to demand if no contract had been made, during the existence of the relationship." *Id.* at 424, 109 S.E. at 80. (Emphasis added.)

In the case we here consider, defendants first employed plaintiff Hamilton to examine the title to a 1,600-acre tract of land to determine whether it was marketable. A cursory examination of the public records was sufficient to convince plaintiffs that the title was not marketable "and that the only chance of

getting any title was to Torrenize it." When plaintiffs made this report to defendants at that time (February 1968) they had performed the services for which they had then been employed.

The question which arose immediately thereafter was whether a proceeding under the Torrens law (G.S. 43-1 *et seq.)* would produce a marketable title and, if so, how much it would cost. Defendants, of course, "didn't want to get into the cost of it if they couldn't have assurance of a good title," and plaintiffs "couldn't give them any assurance." Sometime in March or April of 1968, however, "the plaintiff, Hamilton, agreed with defendants to institute Torrens proceedings and handle them on a contingency fee basis of 25% of the net profit from the sale of the land. Thereafter, on 29 July 1968, Hamilton and defendants renegotiated the fee arrangement. Hamilton agreed to reduce the contingent fee to 20% of the profit from the sale of the land, and defendants agreed to advance costs up to $1,000.

The attorney-client relationship between plaintiffs and defendants with reference to the subject matter of this suit began when plaintiffs agreed to institute Torrens proceedings for a contingent fee of 25% of the net profit from the sale of the land involved. No previous contract with reference to plaintiffs' compensation for instituting and conducting the Torrens proceedings had been made. Thereafter, according to the judge's finding of fact, made upon supporting evidence, on 29 July 1968 the contingent-fee contract was changed to *decrease* the attorneys' compensation from 25% to 20% of defendants' net profit from the sale of the land. The decision in *Stern* voids only a contract granting an attorney greater compensation "while the relationship exists."

It may be that the rule of *Stern v. Hyman* is unnecessarily harsh; that the "generally accepted view" quoted in *Randolph v. Schuyler,* 284 N.C. 496, 504, 201 S.E. 2d 833, 837-838, is the better rule; and that *Stern v. Hyman* should be overruled when an occasion calls for it. I express no opinion on that question. I merely point out that *Stern v. Hyman* is not pertinent to decision here and that we should neither contrive an attorney-client relationship where none existed in order to overrule it, nor should we purport to overrule it by *obiter dicta.*