STATE OF NORTH CAROLINA v. SAMUEL L. LOFTON

No. 8212SC1200

(Filed 17 January 1984)

1. **Receiving Stolen Goods § 5.1— possession of stolen property—sufficiency of evidence**

   The evidence was sufficient to convict defendant of possession of stolen property under G.S. 14-71.1 or possession of a stolen vehicle under G.S. 20-106 where the evidence tended to show that defendant had a key which he used to unlock the vehicle's trunk; defendant's clothing was in the trunk; his checkbook and loan agreement bearing defendant's address were in the glove compartment; and although defendant was never seen actually driving the vehicle, the evidence showed that defendant, whether alone or in conjunction with his brother, had control and possession of the vehicle. Further, there was

plenary evidence that defendant knew or had reason to believe that the vehicle was stolen, and the most damaging evidence was the fact that when a deputy sheriff pulled into the parking lot where the stolen vehicle was, defendant fled.

**2. Criminal Law § 111— instructions from Bible—no reversible error**

Although the trial judge's recitation of a proverb in his charge to the jury on the legal implications of defendant's flight was inappropriate, the judge's charge, as a whole, was fair and clear, and defendant failed to meet his burden of showing prejudice.

**3. Criminal Law § 138— aggravating factor—false testimony at trial—improperly considered**

The trial judge erred in concluding that defendant gave false testimony and in considering this as an aggravating factor in sentencing where the only evidence that defendant lied was the contradictory testimony given by the State's witnesses.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 15 July 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 31 August 1983.

Defendant was charged with possession of stolen property. After a jury trial, defendant was convicted and sentence imposed. Defendant appeals.

The State's evidence tended to show:

Roosevelt Benjamin Chisolm, part-time owner of T & B Auto Sales, testified that some time between 9:00 p.m. on 22 June 1981 and 8:00 a.m. on 23 June 1981, a brown, two-door, 1975 Toyota Celica serial number RA22000404, was stolen from his lot. On 24 November 1981, Chisolm spotted the stolen Toyota parked next to a Seven-Eleven Store. Chisolm recognized the car, which had been his son's, despite numerous cosmetic changes that altered the car's appearance and lessened its fair market value from about $3,000 to $500. The radio, carpet, exterior stripes, and body side molding had been removed. The console, right front fender, and tires had been exchanged. Chisolm reported his find to the highway patrol and to the Deputy Sheriff.

Chisolm and Deputy Sheriff Raymond L. Davis further examined the vehicle. The serial numbers on the windshield and door had been removed, but the number on the hood, still intact, was RA22000404, the serial number of Chisolm's stolen Toyota.

Chisolm was able to open the door with the keys from the stolen Toyota.

Deputy Sheriff Davis checked and discovered that the tags were registered to a "Jerry Lofton" on a 1974 Toyota and that the serial number belonged to a stolen vehicle.

Chisolm opened the trunk and inside found military clothing bearing the name "Lofton." In the glove compartment was defendant's checkbook, and life and automobile insurance policies bearing the name "Jerry Lofton."

Chisolm and Davis waited to see who would claim the vehicle. At around 12:30 p.m., a car carrying defendant and two friends pulled into the Seven-Eleven parking lot. Defendant alighted, and using a key, unlocked the Toyota's trunk. He then removed some military clothing from the trunk and put them into his friend's car. Defendant was standing in the Seven-Eleven parking lot when his friend's car began to pull away.

Deputy Sheriff Davis pulled up at that point, and defendant fled. After chasing defendant on foot for over seven hundred yards, Davis caught and arrested him.

Upon arrest, Davis removed from defendant's person a military identification card bearing the signature "Jerry Lofton" but the photograph of defendant, Samuel Lofton.

Detective William W. Shuman testified that the insurance policy found in the car insured Jerry Wadale Lofton, Company C, Second 508 Infantry. Although he visited the CID unit at Fort Bragg, a search for a serviceman by that name proved unfruitful. The loan agreement, also found in the car, belonged to Jerry Wadale Lofton, whose listed address was that of defendant. Shuman testified that the photograph on the military identification card bearing Jerry Lofton's name was that of defendant.

Defendant's evidence tended to show: Defendant testified that his brother, Jerry W. Lofton, visited him in March, 1981 and stayed for four or five months. During his stay, Jerry drove a brown, two-door, Toyota Celica. On the morning of 24 November 1981, Jerry telephoned defendant, whereupon defendant asked his brother to return some clothing he had borrowed. Jerry told defendant that the clothing was in his car, parked at the Seven-

Eleven. Defendant's friends drove him to the Seven-Eleven, where defendant took his clothing from his brother's trunk and put them into his friend's car. Defendant testified that he opened the trunk without a key. He did not return to his friend's car because he was to be picked up later by someone else. Defendant fled when he saw the Deputy Sheriff because he wanted to avoid any trouble in which his friends might be involved.

Defendant's testimony was corroborated, in part, by Felix Torez, defendant's friend, who testified on cross-examination that defendant told him he had a brother and that on 24 November, Torez was in the room when defendant's brother called. After the call, defendant asked Torez to drop him off at the Seven-Eleven in order to pick up some clothes. Torez also testified that during the month of November, 1981, he had to pick up defendant for work because defendant had no transportation.

Defendant testified that he and his brother had similar builds and looks. His brother was born in 1952 and defendant was born in 1953. His brother was six feet and defendant was five feet, eleven inches. Their social security numbers and blood types were different.

Jacquelyn Lofton, defendant's wife, testified that defendant's brother, Jerry Lofton, stayed with her and her husband in late February, 1981, and that at that time, he had a brown, two-door, Toyota Celica. Upon defendant's arrest on 24 November, she and Jerry argued. She told Jerry to leave, and he never returned.

*Attorney General Edmisten, by Thomas B. Wood, Assistant Attorney General, for the State.*

*Richard B. Glazier, Assistant Public Defender, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant contends that the trial court erred in denying his motion for dismissal at the close of the State's case, there being insufficient evidence to take the case to the jury. We find no error.

Our scope of review on a motion for dismissal is to determine whether the State produced substantial evidence that the offense

charged was committed and that defendant was the perpetrator. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975); *see State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). The evidence, whether direct, circumstantial, or both, must be viewed in the light most favorable to the State. Only evidence favorable to the State is to be considered, and any contradictions or discrepancies are for the jury to resolve. *State v. Henderson*, 276 N.C. 430, 173 S.E. 2d 291 (1970).

A defendant charged with possession of stolen property under G.S. 14-71.1 or possession of a stolen vehicle under G.S. 20-106 may be convicted if the State produces sufficient evidence that defendant possessed stolen property (i.e. a vehicle), which he knew or had reason to believe had been stolen or taken. A defendant may be convicted under these statutes even if the State has insufficient evidence to prove the underlying larceny. *See State v. Kelly*, 39 N.C. App. 246, 249 S.E. 2d 832 (1978). This may occur, as in the case *sub judice*, when the State has no evidence as to who committed the larceny, and, due to the passage of time, has lost the probative benefit of the doctrine of possession of recently stolen property. *Id.* Although defendant contends otherwise, we find that the State produced plenary evidence of both possession and knowledge.

As to the element of possession, the evidence showed that defendant had a key which he used to unlock the vehicle's trunk. Defendant's clothing was in the trunk. His checkbook and a loan agreement bearing defendant's address were in the glove compartment. Although defendant was never seen actually driving the vehicle, the evidence showed that defendant, whether alone or in conjunction with his brother, had control and possession of the vehicle.

There was also plenary evidence that defendant knew or had reason to believe that the vehicle was stolen. Although defendant testified that his brother was driving a brown, two-door, Toyota Celica when he came to visit in March, the vehicle was not stolen until June. The State's evidence suggested that defendant, who had control and possession of the vehicle, had reason to believe, from the numerous cosmetic changes altering the car's appearance and lowering its fair market value, that the vehicle was stolen. Since June, the radio, carpet, exterior stripes, and body

side molding had been removed; the console, right front fender, and tires had been exchanged. Further question of defendant's guilty knowledge was raised by the fact that the car had been parked, unauthorized, in a Seven-Eleven parking lot.

Finally, and most damaging was the fact that when Deputy Sheriff Davis pulled into the Seven-Eleven parking lot on 24 November, defendant fled. While flight is not, in itself, an admission of guilt, it is a fact which, once established, may be considered along with other circumstances in determining a defendant's guilt. *State v. Stewart*, 189 N.C. 340, 127 S.E. 260 (1925); *State v. Swain*, 1 N.C. App. 112, 160 S.E. 2d 94 (1968); 2 Brandis on North Carolina Evidence § 178 (1982). The collective evidence, viewed in the light most favorable to the State, was not merely speculative, but substantial. Defendant's motion for dismissal was properly denied.

[2] Defendant next contends that the trial judge committed reversible error by intimating his opinion in his charge to the jury on the legal implications of defendant's flight.

As part of his charge, the trial judge instructed:

Evidence of flight may be considered by you, the jury, together with all other facts and circumstances in this case in determining whether or not the combined circumstances amount to an admission or show a consciousness of guilt. This principle of law is illustrated by the Biblical Proverb, "That the wicked flee when no man pursuieth, [sic] but the righteous are as bold as a lion." However, proof of this circumstance is not sufficient in itself to establish the defendant's guilt.

Defendant contends that the insertion of the biblical proverb into the otherwise patterned jury instruction was highly prejudicial to him.

It is well settled in this jurisdiction that a defendant has a right to trial before an impartial judge, and any expression or intimation of an opinion by the judge which prejudices the jury against defendant is grounds for a new trial. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982); G.S. 15A-1222 and 1232. The charge, however, must be viewed contextually, and whether a de-

fendant was unduly prejudiced by the trial judge's remarks is determined by the probable effect on the jury in light of all the attendant circumstances, the burden being on defendant to show prejudice. *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973); *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971).

Although the judge's recitation of the proverb was inappropriate, expressions which may be erroneous when isolated are not grounds for reversal if, when considered contextually, the charge presents the law fairly and clearly. *State v. McWilliams, supra; see Rock v. Ballou,* 22 N.C. App. 51, 205 S.E. 2d 540, *modified and affirmed,* 286 N.C. 99, 209 S.E. 2d 476 (1974).

At the close of his charge, the judge explained to the jury his duty of impartiality:

> The presiding judge is to be impartial. Therefore, you are not to draw any inference from any ruling that I may have made during the course of this trial or from any inflection in my voice or from any clarifying questions I may have asked a witness on the stand or from anything else I may have said or done during this trial that I either have an opinion or have intimated an opinion as to whether any part of the evidence should be believed or disbelieved or as to whether any fact has or has not been proven or as to what your finding or verdicts ought to be. It is your exclusive province to find the true facts in this case and it is your sworn duty to render a verdict reflecting the truth as you find it to be.

The judge's charge was, as a whole, fair and clear. Defendant has not met his burden of showing prejudice.

While we find no error in the trial proceedings, there was error in defendant's sentencing hearing. Defendant's motion for appropriate relief is, therefore, granted.

In sentencing defendant in excess of the presumptive term, the trial judge found as aggravating factors defendant's prior convictions, and, in the judge's opinion, his false testimony, at trial.

Defendant argues that evidence of defendant's prior convictions was improperly admitted since there was no evidence that defendant was not indigent or that he was represented by coun-

sel. Defendant, however, had the burden at the sentencing hearing to object or move to suppress this evidence. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). Defendant, not having met his burden, cannot raise this issue on appeal.

[3] Defendant next argues that the trial judge erred in finding as an aggravating factor that defendant gave false testimony at trial. With this contention, we agree. The only evidence that defendant lied was the contradictory testimony given by the State's witnesses. On these facts, the trial judge erred in concluding that defendant gave false testimony and in considering this an aggravating factor in sentencing. *State v. Setzer*, 61 N.C. App. 500, 301 S.E. 2d 107, *review denied*, 308 N.C. 680, 304 S.E. 2d 760 (1983). We, therefore, vacate the sentence imposed and remand for a new sentencing hearing.

No error in the trial.

Remanded for resentencing.

Judges WHICHARD and PHILLIPS concur.