STATE OF NORTH CAROLINA v. MICHAEL LINDSAY TAYLOR

No. 500PA83

(Filed 6 July 1984)

1. **Receiving Stolen Goods § 7— possession of stolen pistol—felony—sentence proper**

The Court of Appeals erred in holding that defendant was entitled to a new sentencing hearing because the offense for which he was convicted, possession of a stolen firearm, was not a felony since a fair and reasonable reading of G.S. 14-71.1 together with G.S. 14-72(a), (b), and (c) leads inescapably to the conclusion that the General Assembly intended to make the possession of any stolen firearm, by anyone knowing or having reasonable grounds to believe the firearm to be stolen, a felony, regardless of the value of the firearm. Therefore, defendant, who was found guilty by a jury of possessing a stolen firearm, was properly convicted of a felony, and pursuant to G.S. 14-1.1 and G.S. 15A-1340.4(f)(6) and G.S. 15A-1340.4(b), where the trial judge found one aggravating factor and no mitigating factors, it was within his discretion to impose a sentence of five years which exceeded the presumptive term of three years. G.S. 15A-1340.4(a) and (b).

2. **Receiving Stolen Goods § 6— instructions concerning possession of a stolen firearm—proper**

In a prosecution for possession of a stolen firearm, the trial court's instructions contained all the elements of the crime, a felony, and the Court of Appeals erred in stating that the trial judge instructed the jury on misdemeanor possession of stolen goods.

ON discretionary review of the decision of the Court of Appeals, 64 N.C. App. 165, 307 S.E. 2d 173 (1983), finding no error in defendant's trial, but vacating the judgment entered and remanding the case for resentencing. Judgment was entered at the 7 June 1982 Criminal Session of Superior Court, NEW HANOVER County, by the *Honorable Napoleon B. Barefoot, Judge Presiding.* Heard in the Supreme Court 7 May 1984.

*Rufus L. Edmisten, Attorney General,* by *William F. Briley, Assistant Attorney General,* for the *State-appellant.*

*William Norton Mason,* for *defendant-appellee.*

FRYE, Justice.

Defendant was charged in indictments, proper in form, with breaking or entering a motor vehicle with the intent to commit a felony, larceny of a firearm and felonious possession of a stolen

firearm. Defendant entered a plea of not guilty to all charges. A jury found defendant not guilty of the charges of breaking or entering a motor vehicle and larceny of a firearm. However, defendant was found guilty of felonious possession of a stolen firearm.

After a sentencing hearing, Judge Barefoot found as an aggravating factor that "[d]efendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement." Finding no mitigating factors, Judge Barefoot sentenced defendant to an active prison term of five years, which exceeds the presumptive sentence of three years. *See* G.S. 14-72; G.S. 15A-1340.4(f)(6).

On appeal, the Court of Appeals found no error in defendant's trial. However, the Court of Appeals held, *ex mero motu*, that defendant had only been convicted of a misdemeanor, instead of a felony, for which the maximum sentence allowable was imprisonment for two years. Therefore, the Court of Appeals remanded defendant's case for resentencing. This Court allowed the State's petition for discretionary review on 6 March 1984.

I.

The State's evidence tended to show that on 27 February 1982, Roy K. Trimer was visiting his parents' house in Wilmington, North Carolina. Between the hours of 5:00 p.m. and 12:00 midnight, Mr. Trimer's pickup truck, which he had parked in an alley beside his parents' home, was broken into by an unidentified person. Among other things, a German .32 caliber semi-automatic pistol was stolen from Mr. Trimer's truck. The pistol was worth between fifty and seventy-five dollars. Immediately after discovering the theft at approximately 12:00 midnight, Mr. Trimer reported it to the police.

On that same day, during the late evening hours, James D. Blake observed the defendant acting very suspiciously near a local ABC store in Wilmington. When the defendant noticed that Mr. Blake was watching him, he reached into his coat pocket as if he were trying to hide something. Mr. Blake, thinking that defendant had a gun, went to a local hotel and had a guard call the police.

Upon his return to the general area where he first observed the defendant, Mr. Blake noticed that defendant kept riding around the ABC store on a bicycle. When the defendant left the scene, Mr. Blake followed him into an alley. Mr. Blake cornered defendant in the alley with his car and yelled at him. At that time, defendant stooped down beside a car, pulled a gun from his coat pocket and threw it under the car. The car under which defendant threw the gun was apparently parked beside some bushes.

Subsequently, two police officers arrived on the scene. Defendant was questioned by one police officer while the other police officer searched the area where defendant had thrown the gun. A gun was found in the bushes beside the car where defendant had stooped down. The gun was subsequently identified as the gun which had been previously stolen from Mr. Trimer's truck. Defendant was then placed under arrest.

Defendant did not present any evidence at trial.

## II.

[1] The main question presented for review by this Court is whether the Court of Appeals erred in holding that the defendant was entitled to a new sentencing hearing because the offense for which he was convicted, possession of a stolen firearm, is not a felony, but a misdemeanor punishable by a term of imprisonment not to exceed two years. Based upon the explicit language of G.S. 14-71.1 and G.S. 14-72, we reverse the decision of the Court of Appeals and hold that defendant was properly convicted of a felony and properly sentenced accordingly.

G.S. 14-71.1 provides that anyone convicted of possession of stolen goods "shall be punished as one convicted of larceny." G.S. 14-72(a) describes the crimes of larceny of property and receiving or possessing stolen goods, and designates whether the crime is a felony or a misdemeanor based upon whether the property is valued at more than four hundred dollars. The statute also provides, in pertinent part, that the

> [r]eceiving or possession of stolen goods as provided in subsection (c) of this section is a Class H felony. Except as provided in subsections (b) and (c) of this section, larceny of property, or the receiving or possession of stolen goods

knowing or having reasonable grounds to believe them to be stolen, where the value of the property or goods is not more than four hundred dollars ($400.00), is a misdemeanor punishable under G.S. 14-3(a).

G.S. 14-72(b) and (c) provide, in pertinent part, as follows:

(b) The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is:

(1) From the person; or

(2) Committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57; or

(3) Of any explosive or incendiary device or substance . . . .

(4) Of any firearm. As used in this section, the term "firearm" shall include any instrument used in the propulsion of a shot, shell or bullet by the action of gunpowder or any other explosive substance within it. A "firearm," which at the time of theft is not capable of being fired, shall be included within this definition if it can be made to work. This definition shall not include air rifles or air pistols.

(5) Of any record or paper in the custody of the North Carolina State Archives as defined by G.S. 121-2(7) and 121-2(8).

(c) The crime of possessing stolen goods knowing or having reasonable grounds to believe them to be stolen in the circumstances described in subsection (b) is a felony or the crime of receiving stolen goods knowing or having reasonable grounds to believe them to be stolen in the circumstances described in subsection (b) is a felony, without regard to the value of the property in question.

The Court of Appeals interpreted G.S. 14-72 as follows:

The "circumstances" described in subsection (b) which raise the possession or receiving of stolen goods [a stolen firearm] to the level of a felony are confined to those circumstances described in subsections (b)(1) and (2), to wit: the possession or receiving of goods stolen from the person, or stolen pur-

suant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57. Subsections (b)(3) and (4) do not describe "circumstances" making the *possession* or *receiving* of stolen goods a felony. Subsections (b)(3) and (4) provide, in pertinent part, that the crime of *larceny* is a felony, without regard to the value of the property in question, if the larceny is of any explosive or incendiary device or substance or of any firearm. (Emphases in original.)

*State v. Taylor*, 64 N.C. App. 165, 167, 307 S.E. 2d 173, 175 (1983).

After enunciating the above interpretation of G.S. 14-72, the Court of Appeals noted that the value of the stolen firearm was not more than four hundred dollars and that there was no evidence that the firearm was stolen from the person or pursuant to G.S. 14-51, 14-53, 14-54 or 14-55. It also stated that the trial judge instructed the jury on the elements of misdemeanor possession of stolen goods and subsequently sentenced defendant to a term of five years. Based on the above reasoning, the Court of Appeals held that "defendant was convicted of misdemeanor possession of stolen goods and that the sentence imposed exceeds the statutory maximum." *Taylor*, 64 N.C. App. at 168, 307 S.E. 2d at 175. We disagree with the reasoning of the Court of Appeals and its attempt to distinguish the circumstances listed in G.S. 14-72(b)(1) and (2) from the circumstances listed in G.S. 14-72(b)(3) and (4).

G.S. 14-72(a) provides that the possession of stolen goods as provided in subsection (c) is a Class H felony. Subsection (c) provides that possessing stolen goods having reasonable grounds to believe that they are stolen "in the circumstances described in subsection (b) is a felony, without regard to the value of the property in question." G.S. 14-72(c). Subsection (b) provides that larceny is a felony if it is larceny "[o]f any firearm." G.S. 14-72(b)(4).

A fair and reasonable reading of G.S. 14-71.1 together with G.S. 14-72(a), (b) and (c) leads inescapably to the conclusion that the General Assembly intended to make the possession of any stolen firearm, by anyone knowing or having reasonable grounds to believe the firearm to be stolen, a felony, regardless of the value of the firearm. Therefore, we hold that defendant, who was found guilty by a jury of possessing a stolen firearm, was properly convicted of a felony.

Additionally, we note that Class H felonies are punishable by imprisonment up to ten years, G.S. 14-1.1, and the presumptive sentence is imprisonment for three years. G.S. 15A-1340.4(f)(6). In the instant case, the trial judge found one aggravating factor and no mitigating factors. *See* G.S. 15A-1340.4(b). After the trial judge had made the above findings, it was within his discretion to impose a sentence which exceeds the presumptive term. *See* G.S. 15A-1340.4(a) and (b). Therefore, we hold that defendant's sentence is within the statutory limit and otherwise proper.

### III.

[2]   We note that the Court of Appeals also stated that the trial judge instructed the jury on the elements of misdemeanor possession of stolen goods, apparently because of its erroneous reasoning that larceny of a firearm is not a "circumstance" within the meaning of G.S. 14-72(c). We disagree.

The trial judge instructed the jury as follows:

Now the defendant has been accused of possession of a stolen firearm, which is possessing a firearm which the defendant had reasonable grounds to believe had been stolen.

Now I charge that for you to find the defendant guilty of possession of a stolen firearm the State must prove five things beyond a reasonable doubt.

First, that a pistol was stolen. Property is stolen when it is taken and carried away without the owner's consent by someone who intends at the time to deprive the owner of its use permanently and knows that he is not entitled to take it.

Second, a pistol is a firearm.

Third, that the defendant possessed this pistol.

Fourth, that the State must prove beyond a reasonable doubt that the defendant knew or had reasonable grounds to believe that the pistol was stolen.

Fifth, that the defendant possessed the pistol with a dishonest purpose. That is, that he converted it to his own use and that would be a dishonest purpose.

The above instruction contains all of the elements of the crime of possession of a stolen firearm, which is a felony. *See* G.S. 14-71.1; G.S. 14-72; *see also* N.C.P.I.—Crim. § 216.49 (Replacement May 1979). *Cf. State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982). Therefore, the trial judge properly instructed the jury concerning the elements which had to be proven beyond a reasonable doubt by the State before the defendant could be convicted as charged.

In conclusion, we hold that the Court of Appeals erred in holding that defendant had been convicted of a misdemeanor and that his sentence exceeded the statutory maximum. The Court of Appeals also erred in stating that the trial judge instructed the jury on misdemeanor possession of stolen goods. The Court of Appeals correctly concluded that there was no error in defendant's trial. Accordingly, insofar as the Court of Appeals vacated the judgment of the trial court and remanded the case for resentencing, its decision is reversed. Insofar as it found no error in defendant's trial, the decision of the Court of Appeals is affirmed.

Reversed in part; affirmed in part.