An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-90

Filed 3 December 2025

Durham County, No. 22CR050219-310

STATE OF NORTH CAROLINA

v.

GERVONN MAURICE JONES

Appeal by defendant from judgment entered 16 August 2023 by Judge John M. Dunlow in Durham County Superior Court. Heard in the Court of Appeals 11 June 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Kristin Peebles, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender, Katy Dickinson-Schultz, for defendant.*

FREEMAN, Judge.

Defendant appeals from judgment entered upon a jury verdict of guilty on the charges of operating a vehicle to elude arrest and possession of a stolen vehicle. On appeal, defendant argues the trial court erred by denying his motion to the dismiss the possession of a stolen vehicle charge because defendant did not know or did not have reason to know that the vehicle had been stolen or unlawfully taken. After

careful review, we hold that defendant received a fair trial free from prejudicial error.

## I.    Factual and Procedural Background

On 12 January 2022 around 9:40 p.m., Durham Police Officers Donovan Stocks and David Flores were patrolling the Holloway Street corridor. While driving southbound on Guthrie Street, the officers got behind a white 2019 Chrysler 300. After conducting a search on the vehicle's license plate and registration, the officers learned the vehicle's registration was expired.

As the officers contemplated initiating a traffic stop, the vehicle backed up to a dirt road at 808 North Briggs Street and parked. Both officers approached the parked vehicle. As Officer Flores walked towards the vehicle, he shined a flashlight into the driver's side window where he recognized defendant in the driver's seat and a passenger in the front passenger seat. Officer Flores was familiar with defendant based on an on-going investigation and previous encounters.

Defendant put the vehicle in drive and fled the scene at a high rate of speed. Officer Flores commanded defendant to stop. Officers Stocks and Flores pursued defendant as he fled, but lost sight of the vehicle as defendant failed to stop at stop signs and continued to speed.

Later that night, officers found the vehicle crashed outside of a home on Angier Avenue, with no occupants and both front doors open. Officers searched the vehicle, filed a crash report, and conducted a second search on the vehicle's license plate and registration. During their search of the vehicle, officers found a substance that field-

tested positive for cocaine. During law enforcement's second search of the vehicle's license plate, Officer Flores discovered a report—dated 13 January 2022—that the vehicle was stolen on 13 January 2022 at around 7:50 a.m. Officer Flores would later testify at defendant's trial that "delayed hit[s]" from the National Crime Information Center ("NCIC") system can be the result of multiple different scenarios including untimely report or information submittal, and delayed awareness by a vehicle owner that the vehicle was stolen. Defendant was subsequently arrested and indicted on 18 April 2022 for operating a vehicle to elude arrest and possession of a stolen vehicle.

Defendant's matter came on for trial on 16 August 2023 in Durham County Superior Court. At trial, after the State's presentation of evidence, defendant moved to dismiss the possession of a stolen vehicle charge and argued that the State failed to provide sufficient evidence that he knew or had a reason to know that the car was stolen. The trial court denied defendant's motion. Defendant renewed his motion to dismiss at the close of all evidence, and the trial court again denied defendant's motion. On the same day, defendant was found guilty by a jury of both charges: operation of a vehicle to elude arrest and possession of a stolen vehicle. The trial court sentenced defendant to two consecutive terms of 9 to 20 months' imprisonment. Defendant filed written notice of appeal on 17 August 2023.

## II. Jurisdiction

This Court has jurisdiction to review "any final judgment of a superior court, other than one based on a plea of guilty or nolo contendere[.]" N.C.G.S. § 7A-27(b)(1)

(2023). As defendant's judgment is not based on a plea of guilty or nolo contendere, we have jurisdiction to review defendant's appeal.

### III. Standard of Review

"Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *State v. Chekanow*, 370 N.C. 488, 492 (2018) (citation omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Clapp*, 235 N.C. App. 351, 359–60 (2014) (cleaned up).

### IV. Discussion

Defendant contends that the trial court erred by denying his motion to dismiss the possession of a stolen vehicle charge based on sufficient evidence of knowledge that the vehicle was stolen. Specifically, defendant argues the State failed to provide any evidence as to when the vehicle was stolen and thus the doctrine of recent possession would not apply.

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Blagg*, 377 N.C. 482, 487 (2021) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate evidence to support a conclusion[,]" *State v. Blake*, 319 N.C. 599, 604 (1987) (cleaned up), and only requires "more than a scintilla of evidence[,]" *State*

*v. Earnhardt*, 307 N.C. 62, 66 (1982).

"In evaluating the sufficiency of the evidence to support a criminal conviction, the evidence must be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *Blagg*, 377 N.C. at 487–88 (citation omitted). "Evidence in the record supporting a contrary inference is not determinative on a motion to dismiss." *State v. Scott*, 356 N.C. 591, 598 (2002). Accordingly, "if the record developed at trial contains substantial evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Blagg*, 377 N.C. at 488 (citation omitted); *see also State v. Stephens*, 244 N.C. 380, 383 (1956) ("It is im material [sic] whether the substantial evidence is circumstantial or direct, or both.").

Specifically, "[i]f the evidence presented is circumstantial, the court must consider whether a reasonable inference of [the] defendant's guilt may be drawn from the circumstances." *Scott*, 356 N.C. at 596 (citation omitted). In other words, "[o]nce the court decides that a reasonable inference of [the] defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is actually guilty." *Id.* (cleaned up).

Any person who, with intent to procure or pass title to a

vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be punished as a Class H felon.

N.C.G.S. § 14-71.2 (2023). Therefore, the essential elements of possession of a stolen motor vehicle are that: (1) the defendant possessed (2) the vehicle and (3) the defendant knew or had reason to know that the vehicle had been stolen or unlawfully taken. *See State v. Robinson*, 368 N.C. 402, 407 (2015). The third element—whether a defendant knew or had reason to know that the vehicle had been stolen or unlawfully taken—is satisfied "through inferences drawn from the evidence." *State v. Brown*, 85 N.C. App. 583, 589 (1987). "[G]uilty knowledge may be inferred from incriminating circumstances[.]" *State v. St. Clair*, 17 N.C. App. 22, 24 (1972).

This Court has long held "[w]hile flight is not, in itself, an admission of guilt, it is a fact which, once established may be considered along with other circumstances in determining a defendant's guilt." *State v. Lofton*, 66 N.C. App. 79, 84 (1984). In *State v. Parker*, for example, where the defendant had stolen a firearm and law enforcement attempted to stop defendant's vehicle, we noted the defendant's high-speed flight by foot was sufficient evidence of consciousness of guilt and "that the defendant had reasonable grounds to believe that the [vehicle] as stolen." 316 N.C. 295, 304 (1986). Similarly, in *State v. Lofton*, we emphasized, "most damaging was the fact that when" law enforcement approached the defendant—who was retrieving

items out of the stolen vehicle's trunk—he fled over seven hundred yards by foot. 66 N.C. App. at 81, 84.

Other conduct upon a person approaching the vehicle may also permit a reasonable inference of a defendant's guilty knowledge. For instance, in *State v. Vaughn*, the "defendant's conduct was sufficiently incriminating to support a finding that he knew or had reasonable grounds to believe that the car was stolen" when the defendant lied to law enforcement about his name and that the car belonged to a friend. 130 N.C. App. 456, 458 (1998). And, in *State v. Abrams*, we determined the "[d]efendant's possession of the vehicle, his conduct upon being approached by" another person "after a car accident, and [the] defendant's apparent disregard for the value of the automobile are circumstances from which a jury could infer that the defendant was guilty of the offense charged." 29 N.C. App. 144, 146 (1976). Disposal or concealment of a stolen property may be a sufficiently incriminating circumstance to allow inference of guilty knowledge. *See State v. Taylor*, 64 N.C. App. 165, 169 (1983), *aff'd in part, rev'd in part on other grounds*, 311 N.C. 380 (1984). However, in *State v. Cannon*, evidence that the defendant was the driver of the vehicle, did not flee, was doing "donughnuts" in a parking lot, and no evidence of how defendant gained possession of the vehicle, was insufficient to support the element that defendant knew or had reason to believe the vehicle was stolen. 216 N.C. App. 507, 513 (2011).

In *State v. Bailey*, this Court acknowledged the evidence of "defendant's

knowledge or reasonable belief that the [vehicle] was stolen was circumstantial at best," but concluded the trial court did not err in denying the defendant's motions to dismiss possession of stolen goods and possession of a stolen motor vehicle. 157 N.C. App. 80, 84 (2003). We explained, "the rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *Id.* (citation omitted). In other words, "[r]egardless of the circumstantial nature of the evidence in this case, a strong inference can be deduced that defendant knew or had reasonable grounds to believe the vehicle was stolen." *Id.*

Here, defendant's argument hinges on his contention that he could have fled for several other reasons, he never stated he knew the vehicle was stolen or that he stole it, and the car was reported stolen after it was recovered by law enforcement. The State presented evidence at trial that: (1) upon law enforcement approaching the vehicle, defendant fled and ignored commands; (2) law enforcement could not continue to follow defendant when he fled because he was speeding and failed to stop at stop signs; (3) defendant crashed the vehicle while fleeing; (4) defendant fled the scene of the crash, abandoned the vehicle, and could not be found by law enforcement; (5) the vehicle demonstrated a "delayed hit" and was reported stolen the next day while already in police custody; (6) testimony that this delay in reporting could have occurred due to owner knowledge or lack thereof. Therefore, a reasonable inference may be drawn as to defendant's knowledge that the motor vehicle was stolen. Though defendant's flight or his driving of the vehicle is not enough alone to establish guilt,

accompanied by the fact that defendant failed to stop when approached by law enforcement and in his flight crashed and abandoned the vehicle while failing to obey law enforcement commands and traffic laws, there is enough to support a reasonable inference that defendant knew the motor vehicle to be stolen. Accordingly, the trial court did not err by denying defendant's motion to dismiss the charges.

## V. Conclusion

The trial court did not err in denying defendant's motion to dismiss the possession of a stolen vehicle charge because the State presented substantial evidence that defendant knew or had a reason to know that the car was stolen.

NO ERROR

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).